### PARKS et al. v. ROACH.

No. 10973—Opinion Filed Sept. 5, 1922.

Rehearing Denied Nov. 28, 1922.

2nd Rehearing Denied Dec. 19, 1922.

(Syllabus.)

1. **Indians — Allotments — Conveyance by Heirs—Validity.**

Under section 9 of the Act of Congress of May 27, 1908, which became effective sixty days from its date, a deed to inherited lands executed by an adult full-blood Creek Indian on August 7, 1908, was invalid unless approved by the Court having jurisdiction of the settlement of the estate of the deceased allottee.

2. **Appeal and Error — Equity Cases—Conclusiveness of Findings.**

In an equitable action, the presumption is in favor of the finding of the trial court, and it will not be set aside unless clearly against the weight of the evidence.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by Sarah C. Roach against James R. Parks and others to recover Indian land and for damages. Judgment for plaintiff, and defendants bring error. Affirmed.

Irwin Donovan, for plaintiff in error.

W. T. Banks and Lewis C. Lawson, for defendant in error.

JOHNSON, J. On the 10th day of August, 1918, Sarah C. Roach, as plaintiff, commenced an action in the district court of Creek county, Okla., against James R. Parks and Mrs. Minnie Lee Cornelius, executors of the will and estate of W. D. Cornelius, deceased; Mrs. Minnie Lee Cornelius, as guardian of W. S. Cornelius, a minor; and the adult heirs of said W. D. Cornelius, Minnie Lee Dillon, nee Cornelius, daughter, and Ralph P. Cornelius, son, as defendants.

The plaintiff in her amended petition, which was later filed, sought a recovery of her homestead allotment and rent, and for the cancellation of her deeds therefor to said W. D. Cornelius dated July 28, 1908, and August 7, 1908, in her first cause of action; and for the recovery of damages in the sum of $25,000 in her second cause of action for an alleged failure of consideration for said deeds, all arising out of the same transaction between them. To which the defendants filed a joint answer and cross-petition, to which the plaintiff filed a reply.

The cause was tried to the court without a jury, and resulted in a judgment in favor of the plaintiff in the sum of $6,573.32, also interest thereon from the date of judgment at the rate of six per cent. per annum, to reverse which this proceeding in error was regularly commenced.

For convenience, the parties will hereinafter be referred to as plaintiff and defendants, respectively, as they appeared in the trial court.

The trial court made separate findings of fact and conclusions of law, which are as follows:

Findings of Fact.

"1. That the plaintiff in this case is a Creek Indian of one-eighth Indian blood, duly enrolled as a member of the Creek Tribe of Indians, opposite roll number 1842, and that by reason of her said citizenship in the Creek Nation there was allotted to plaintiff of the lands of the Creek Nation, as her homestead allotment, the northeast quarter of the northeast quarter, less 3.40 acres occupied as right of way by the St. Louis, Oklahoma & Southern Railroad, in section 12, township 17 north, range 11 east, of the Indian Base and Meridian, containing 36.60 acres, more or less, situated in what is now Creek County, Okla.; and that patent was duly issued therefor on the 28th of April, 1903.

"2. That Thomas Jefferson Nolan was a full-blood Creek Indian, duly enrolled as such, opposite roll number 583 of the approved Creek roll; that the said Thomas Jefferson Nolan died intestate, without descendants, issue or wife, and while a minor, on or about the 19th day of January, 1900; that the said Thomas Jefferson Nolan left him surviving at the time of his death, his father; his mother, Sarah Jane Nolan; his sister, Martha Ann Nolan, and two brothers, Isaac and James Nolan; that by reason of the enrollment of the said Thomas Jefferson Nolan as a citizen of the Creek Nation there was allotted for and on behalf of the said Thomas Jefferson Nolan, the following described land, to wit: The south half of the southwest quarter and the northwest quarter of the southwest quarter of section one (1), township 17

north, range 8 east; and the northeast quarter of the northeast quarter of section two (2) of said township and range. That on the 25th day of January, 1900, a certificate of selection for the said lands were issued to and on behalf of the said Thomas Jefferson Nolan, then deceased. That patent therefor was thereafter duly and regularly issued, approved by the Secretary of the Interior and filed in the office of the Dawes Commission. That the said Sarah Jane Nolan was a full-blood Creek Indian, duly enrolled as such opposite roll number 582 on the approved rolls.

"3. That the plaintiff was enrolled as Sarah C. Edwards. That the time of the transactions complained of in this suit and for a long time thereafter she was wholly illiterate, uneducated, unacquainted with and unaccustomed to business affairs and values of property, especially real estate; that she could neither read nor write the English or Creek language nor any other language. That she had little conception of the true value of her homestead or the value of any oil and gas that might be found thereunder. That the deceased William D. Cornelius was a white man engaged in traffic in the Indian lands.

"4. That on the 18th day of July, 1908, pursuant to negotiations theretofore had between them, this plaintiff and her then husband did make, execute and deliver to the said William D. Cornelius a deed conveying to him, the said William D. Cornelius, her said homestead as described in paragraph 2 of the findings herein, at and for an agreed consideration of $5,000. That of said consideration the said William D. Cornelius paid to this plaintiff at or about the 28th day of July, 1908, the sum of $1,000. That in payment of the balance of the said agreed consideration and in pursuance of the negotiations theretofore had, some time in the month of August, 1908, the said William D. Cornelius presented to this plaintiff the purported deed of Sarah Jane Bridges, formerly Sarah Jane Nolan, for the lands patented in the name of said Thomas Jefferson Nolan, deceased, fully described in paragraph two hereof; which said purported deed pretended to convey the said lands to this plaintiff in the name of Sarah C. Wood; said purported deed being dated the 6th day of August, 1908; and that said purported deed was at that time accepted by this plaintiff. That on the 7th day of August, 1908, said William D. Cornelius procured from this plaintiff and her said husband another deed to the said homestead without additional consideration and for the purpose of ratifying the deed made by plaintiff and her husband to said William D. Cornelius on July 28, 1908.

"5. That the said William D. Cornelius entered into possession of the said homestead immediately upon the delivery of the said deed of July 28, 1908; and that the said homestead has since been and now is in the continuous possession of either the said William D. Cornelius, now deceased, or his legal representatives. That the said William D. Cornelius died sometime in the year 1917, testate; and that his estate is now in process of administration in Muskogee county, Okla.; and that James R. Parks is the duly appointed, legally qualified and acting administrator with the will annexed, together with Mrs. Minnie Lee Cornelius as joint administratrix. That the rental value of said homestead from July 26, 1908, is of the average value of $100 per year. That the value of the oil and gas royalties from July 28, 1908, to this date, is the sum of $————. That the actual market value of the said homestead on July 28, 1908, was the sum of $5,000. That the actual market value of the 160 acres allotted for and on behalf of Thomas Jefferson Nolan hereinbefore described, on July 28, 1908, was the sum of $4,000.

"6. That in the month of September, 1900, there was filed in the district court of Creek county, a certain cause wherein this plaintiff as Sarah C. Wood appears as plaintiff against said W. D. Cornelius; and that the petition in said cause sought to rescind the same conveyances to the said W. D. Cornelius that are in the case at bar sought to be rescinded. That it was alleged in said petition that a part of the consideration received by this plaintiff from the said W. D. Cornelius was the conveyance heretofore mentioned herein to this plaintiff, from Sarah Jane Bridges, formerly Sarah Jane Nolan, of the allotment of Thomas Jefferson Nolan; and said petition further avers that said conveyance passed no title to this plaintiff. That said cause was instituted by Honorable Henry McGraw, a reputable member of this bar at that time and now a reputable member of the Tulsa county bar; and that the said Henry McGraw as attorney for this plaintiff obtained from this plaintiff, prior to the filing of the said suit in September, 1909, the data upon which said petition was based. That said petition was not signed by this plaintiff. That said cause, sometime in the year 1911, was dismissed by said Henry McGraw upon instructions from a person other than the plaintiff, but from a person whom the said Henry McGraw as an attorney believed at that time to have authority from the plaintiff in this case to order such dismissal. That notwithstanding the statement of this plaintiff to the said Henry McGraw, of the facts upon which the said Henry McGraw prepared the said petition, the plaintiff, Sarah C. Roach, did not, until January, 1918, discover that the purported deed to her from the said Sarah Jane Bridges pretending to convey to this plaintiff the allotment of said deceased Thomas Jefferson Nolan, did in fact convey nothing.

"7. That the defendants admit in their answer 'that the said William D. Cornelius

did procure from the said Sarah Jane Bridges, and did deliver to this plaintiff and her husband the purported warranty deed executed by said Sarah Jane Bridges, to W. R. Wood and Sarah C. Wood, covering the allotment of the said Thomas Jefferson Nolan, deceased, hereinbefore described; and that the said William D. Cornelius at the time of the delivery of said deed to this plaintiff, knew or ought to have known that the same was void and conveyed no title.'

"Conclusions of Law.

"1. That the homestead of this plaintiff was restricted land up to and including the 27th day of July, 1908, and that any attempted alienation thereof prior to said date was null and void.

"2. That the allotment of the said Thomas Jefferson Nolan, deceased, became restricted lands prior to the date of the execution of the purported deed by the said Sarah Jane Bridges to this plaintiff, on August 7, 1908, and that by reason thereof said deed was wholly void.

"3. That by reason of the nullity of the said deed to the said allotment of the said Thomas Jefferson Nolan, there resulted a failure of consideration to the extent of the value of the said allotment of the said Thomas Jefferson Nolan.

"4. That plaintiff's claim is not barred by the statutes of limitation of Oklahoma.

"5. That plaintiff should have and recover of and from the defendants in this case the sum of $4,000, with interest thereon from July 27, 1908, at six per cent. together with the costs in this behalf expended. That title to the said homestead should be quieted in the heirs of the said William D. Cornelius, deceased, subject to the lien of the plaintiff thereon to enforce such judgment."

The defendants' specifications of error are as follows:

"1. The court erred in overruling the motion of plaintiffs in error for new trial.

"2. The court erred in overruling supplemental motion of plaintiffs in error for new trial.

"3. The court erred in not rendering judgment for plaintiffs in error, James R. Parks and Minnie Lee Cornelius, as executors of the will and estate of William D. Cornelius, deceased, and against defendant in error.

"4. The court erred in overruling the demurrer of plaintiffs in error to the evidence of the defendant in error.

"5. The court erred in making finding of fact number 4, which reads as follows: '4. That on the 28th day of July, 1908, pursuant to negotiations theretofore had between them, this plaintiff and her then husband, did make, execute and deliver to the said William D. Cornelius a deed conveying to him the said William D. Cornelius, her said homestead as described in paragraph 2 of the findings herein, at and for an agreed consideration of $5,000,' in that there is no evidence proving or tending to prove that the transaction of July 28, 1908, was made 'pursuant to negotiations theretofore had between them,' and there is no evidence proving or tending to prove that the conveyance by defendant in error to William D. Cornelius was 'at and for an agreed consideration of five thousand ($5,000) dollars.'

"6. The court erred in that that part of finding of fact number 6, which is as follows, to wit: 'That notwithstanding the statements of this plaintiff to said Henry McGraw, of the facts upon which the said Henry McGraw prepared the said petition, the plaintiff, Sarah C. Roach, did not, until January, 1918, discover that the purported deed to her from the said Sarah Jane Bridges pretending to convey to this plaintiff the allotment of the said deceased Thomas Jefferson Nolan, did in fact convey nothing,' which is one of the findings of fact upon which the judgment of the court is based, is in fact a conclusion which is contrary to and is inhibited by that part of said finding of fact number six, which is in words and figures as follows, to wit:

'6. That in the month of September, 1909, there was filed in the district court of Creek County, a certain cause wherein this plaintiff as Sarah C. Wood appears as plaintiff against said W. D. Cornelius and that the petition in said cause sought to rescind the same conveyances to the said W. D. Cornelius that are in the case at bar sought to be rescinded. That it was alleged in said petition that a part of the consideration received by this plaintiff from the said W. D. Cornelius was the conveyance heretofore mentioned herein to this plaintiff from Sarah Jane Bridges, formerly Sarah Jane Nolan, of the allotment of Thomas Jefferson Nolan; and said petition further avers that said conveyance passed no title to this plaintiff. That said cause was instituted by Honorable Henry McGraw, a reputable member of this bar at that time and now a reputable member of the Tulsa County bar; and that the said Henry McGraw, as attorney for this plaintiff obtained from this plaintiff, prior to the filing of the said suit in September, 1909, data upon which said petition was based.'

"7. The conclusions of law made by the court and each of them are without evidence to support them; that said conclusions of law and each of them are unsupported by the findings of fact.

"8. The court erred in not rendering judgment for the plaintiffs in error and for each of them on the findings of fact.

"9. The court erred in that judgment of the court is without evidence reasonably tending to support it.

"10. The court erred in that judgment of the court is contrary to the overwhelming weight of the evidence."

The sufficiency of the pleadings was in no way challenged in the court below, and the plaintiff has filed no cross-appeal, but asks that the judgment of the trial court be affirmed.

From this state of the record and the specifications of error, supra, of the defendants, it is obvious that no errors of law that are fundamental, but such only as rest upon the sufficiency of the evidence to support the findings of fact of the trial court, are presented here for review.

Defendants' specifications of error Nos. 3, 4, 5, 6, 7, 8, 9, and 10 are closely related, and all go to the question of the sufficiency of the evidence to support the trial court's findings of fact and the judgment rendered in the cause.

The defendants admit in their answer that the N.E. ¼ of the N.E. ¼ of section 12, township 17 north, range 11 east, less 3.41 acres, occupied as right of way by the St. Louis & San Francisco Railroad Company, was a portion of the allotment of plaintiff as a citizen of the Creek Nation of one-eighth Indian blood; and admit that on July 28, 1908, the plaintiff made, executed, and delivered to William Cornelius a warranty deed therefor; and admit that plaintiff thereafter, on August 7, 1908, joined by her then husband, W. R. Wood, made, executed, and delivered to said W. D. Cornelius a second deed to said land, and that William D. Cornelius did pay to plaintiff the sum of $1,000 and did procure from Sarah Jane Bridges and did deliver to plaintiff and her said husband a warranty deed executed by said Sarah Jane Bridges, W. R. Wood, and Sarah C. Wood, covering the south half of the S. W. ¼ of section 1 and the N. W. ¼ of the S. W. ¼ of section 1 and the N. W. ¼ of the S. E. ¼ of section 2 in township 17, north, range 8 east, which is herein designated as the Thomas Jefferson Nolan allotment of 160 acres.

The plaintiff, Sarah C. Roach, testified that she was 53 years old, was a member of the Creek Tribe of Indians and was so enrolled, and obtained the land in controversy as her homestead allotment as a Creek; that she knew William D. Cornelius when she made the trade in controversy; that she could not then read or write either the English or Creek language, and had never signed her name to anything in her life except with a mark; that she lived on her homestead for twelve years before she sold it to Cornelius, had a two-room house on the same, and a well and 50 bearing fruit trees, and had the land fenced; that she rented the same for $100 a year during the three years she was away from the homestead, in Colorado for her health; that she first found out her deed to the Nolan land was not good in January, 1918, when her attorney, W. T. Banks, wrote and told her the deed was not good; that up to that time she thought that her title was good and that her deed to the land was from W. D. Cornelius, and that Mr. Banks' letter was the first information that she had that the deed was not from Cornelius, but was from Sarah Jane Bridges; and that then she employed Mr. Banks to bring this suit to recover her homestead.

Mr. John F. Egan testified in behalf of plaintiff in substance: That he had known the plaintiff a little more than 25 years and knew Sarah Jane Bridges, formerly Sarah Jane Nolan, about the same length of time; that she was the mother of Thomas Jefferson Nolan; that Thomas Jefferson Nolan was dead; that his father's name was Isaac, and that he had a brother Isaac, and a brother James, and a sister Mary, who died about the time Thomas Jefferson Nolan died; and that he was acquainted with the Thomas Jefferson Nolan allotment, and also the homestead allotment of the plaintiff; that he knew the lands before they were allotted and ever since; that he had been dealing in real estate, was acquainted with the value of lands in the vicinity of these lands, and the value of these lands; that the plaintiff's homestead was sold in 1908 at $4,500 to $5,000; that he tried to buy the same about 30 days before Cornelius bought it; that he had a conversation with Cornelius in Sapulpa in about a week after he got his deed to the land, in which Mr. Cornelius stated to him he had bought the land, that he had paid $1,000 or $1,100, could not be positive which, and that he gave the plaintiff a deed to the Thomas Jefferson Nolan land, and that was what the plaintiff was to get for her homestead—he said he had paid her that amount of money and conveyed a deed to the Nolan land for the homestead; that the value of the Nolan land at that time was $25 or $30 an acre; that the rental value of the lands at that time was very low, probably $1 or $1.50 an acre; that he thought the 40 acre homestead was worth $50 a year at that time; that it is worth a good deal more since, probably $100 or $150 a year for agricultural purposes alone; that he knew

Mr. Cornelius well and had done a great deal of business with him.

The will of Mr. Cornelius contained a schedule of land, his individual property and others owned by himself and one Mr. James R. Parker; his individual lands amounting to 440 acres in section 2, township 13 north, range 15 east; 250 acres in sections 10 and 11, township 14 north, range 17 east; a fruit farm of about 70 acres in section 24, township 15 north, range 17 east; and 40 acres in section 24, township 15 north, range 17: And then lots in the town of Boynton, in Muskogee county, in the name of James R. Parker, also town lots in the city of Muskogee in the name of James R. Parker, in which each owned an undivided interest.

The testimony showed that Mr. W. D. Cornelius had been paid royalties on oil produced from a well on the homestead premises of the plaintiff in the sum of $270.20.

The record discloses that on the 29th day of July, 1918, the plaintiff, by quitclaim deed, reconveyed the Nolan allotment to Sarah Jane Bridges, formerly Sarah Jane Nolan.

The record fully disclosed that Thomas Jefferson Nolan was a half-blood Creek minor and died about the year 1900, before receiving his allotment; left surviving him his father and mother, two brothers and a sister; that Thomas Jefferson Nolan was enrolled opposite roll number 583 as a half-blood; that his mother, Sarah Jane Nolan, was enrolled opposite roll number 582, as a full-blood; that Thomas Jefferson Nolan died intestate, without descendants, leaving no wife, on or about the 19th day of January, 1900; that on the 25th day of January, 1900, a certificate of selection for his said lands was issued to and on behalf of him, then deceased; that patent therefor was thereafter duly and regularly issued, approved by the Secretary of the Interior, and filed in the office of the Dawes Commission.

The trial court correctly held, as a conclusion of law, that the allotment of Thomas Jefferson Nolan, deceased, became restricted lands prior to the date of the execution of the purported deed by the said Sarah Jane Bridges to the plaintiff on August 7, 1908; and that by reason thereof, said deed was wholly void (Brader v. James, 49 Okla. 734, 154 Pac. 560, 246 U. S. 88; Talley v. Burgess, 46 Okla. 550, 149 Pac. 120, 246 U. S. 104; Harris v. Bell, 254 U. S. 103, 65 L. Ed. 159); and that by reason of the nullity of said deed, there was a failure of consid-

eration to the extent of the value of the allotment of the said Thomas Jefferson Nolan; that the plaintiff's claim was not barred by the statute of limitation, and that she should have and recover from the defendants the sum of $4,000, with interest thereon from July 25, 1908, at six per cent.

From an examination of the entire record, we cannot say that the findings and conclusions of the trial court were clearly against the weight of the evidence. In these circumstances, it follows that the judgment of the trial court must be affirmed. Johnson v. Johnson, 82 Okla. 259, 200 Pac. 204; Weaver v. Drake et al., 79 Okla. 277, 193 Pac. 45; Black v. Donelson, 79 Okla. 299, 193 Pac. 424; Potter et al. v. Ertel, 80 Okla. 67, 194 Pac. 201; Town of Rush Springs v. Bentley, 75 Okla. 119, 182 Pac. 664; Bilby v. Stewart, 55 Okla. 767, 153 Pac. 1173.

Our attention has been called in the brief of counsel for defendant in error that the record contains a copy of the supersedeas bond given by the plaintiffs in error with James R. Parks and Minnie Lee Cornelius as sureties thereon in their individual capacities.

It is, therefore, further ordered, adjudged and decreed that the defendant in error have and recover of and from the principals and sureties on said bond the principal sum of said judgment of $6,573.32 with interest thereon from April 16, 1919 at the rate of six per cent. per annum, for which, let execution issue in the terms of the law.

KANE, NICHOLSON, MILLER, and KENNAMER, JJ., concur.