## HOWE v. TARLOSHAW et al.

No. 14609—Opinion Filed Jan. 29, 1924.

Rehearing Denied April 15, 1924.

Second Rehearing Denied May 13, 1924.

**1. Guardian and Ward—Settlement of Final Account—Power of Court.**

In the matter of settlement of a guardian's account, the guardianship may be terminated by the majority of the ward or otherwise, but the court has jurisdiction to require and enforce settlement of final account of the guardian.

**2, 3. Appeal and Error — Review — Settlement of Guardian's Account.**

In the settlement of the guardian's account the court has authority to require the guardian to prove the correctness and genuineness of the items making up the report whether the same are contested or not, and the burden of proof is upon the guardian, and where the court hears the testimony on the issues and renders judgment based on same, this court will not disturb such judgment unless against the weight of the evidence.

**4. Sufficiency of Evidence.**

Record examined, and held sufficient to sustain the judgment.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

R. D. Howe files final report as guardian of Louisa Tarloshaw and Mista Tarloshaw, minors, and the wards contest the said report. Judgment in favor of the wards, and the guardian appeals. Affirmed.

R. D. Howe, for plaintiff in error.

Frank L. Montgomery, Turner, Turner. Harley & Parris, for defendants in error.

Opinion by THREADGILL, C. This is an appeal by R. D. Howe, plaintiff in error, from an order of the district court of McIntosh county approving and confirming the report of the referee and rendering judgment against said R. D. Howe, who had been guardian, and in favor of Mista Tarloshaw and Louisa Tarloshaw, defendants in error. For convenience the parties will be referred to as guardian and wards. The facts necessary to understand the questions involved are substantially as follows:

R. D. Howe had been guardian of the wards for about ten years. The wards were full-blood Indian minors and orphans. Their estates consisted of lands allotted to them as Indian citizens and lands inherited from their Indian ancestors and rents and annuities. During the course of the guardianship the wards were subject to the control of the guardian and he had the possession and management of their estates. During said time he collected $2 008.12, money belonging to the estate of Mista Tarloshaw, and $2,-414.12 belonging to the estate of Louisa Tarloshaw, making a total of $4,422.24, as shown by his final report in said cause. When the wards became of age they demanded that their guardian make a final report and settlement of his accounts, and after considerable delay and citation served upon him, he made a report which was contested, and by way of answer to the report he filed a supplemental report or substitute showing all of the items of monies received amounting to the sums above stated in each case, and asking for various credits in the sum of $3,130.-86, showing a balance due his wards in the sum of $1,281.39. In addition to this he asks for $100 a year for nine years' services, or $1,800 for services, as guardian of his wards. which would bring them out $518.61 in debt to him. The issues were joined in this substituted report and the trial was had before a special judge in the county court and, the guardian not being satisfied with the settlement of his account, appealed to the district court and the cause was submitted to a referee. The referee heard the case and made special findings of fact and conclusions of law in his report. In the trial of the issues before the referee the guardian objected to the jurisdiction of the court on the ground

that the wards had become of age and the county court had no jurisdiction to settle his accounts, as they should be settled with the wards, which objection was overruled by the referee. The testimony was taken as to certain items which were contested, as shown by the following agreed statement of facts:

"It is hereby agreed and stipulated by and between R. D. Howe, for himself as guardian of Mista Tarloshaw and Louisa Tarloshaw, and Turner, Turner, Harley & Parris, attorneys for Mista Tarloshaw, and Montgomery and Gust, attorneys for Mista Tarloshaw, that the hearing before the referee in the district court of McIntosh county, Oklahoma, upon appeal presented by said R. D. Howe, shall be confined exclusively to the items of fact specifically mentioned in the notice of appeal filed herein, in the county court, to wit: 'As to the estate of Mista Tarloshaw, one of the questions of facts, you fail and refuse to give the guardian credit for the sum of $185.72 as shown by the checks paid out; and you also refuse and fail to give the guardian credit for check paid out to J. T. Primrose in the sum of $507.08, one-half to Louisa Tarloshaw; and you also refuse to allow the guardian an allowance for taking care of said Louisa Tarloshaw and her property in the sum of $500. And as to the estate of Mista Tarloshaw, a minor, on the question of facts, you fail and refuse to give the guardian credit for the sum of $185.72, as shown by checks paid out to W. T. Fears, Mrs. Alexander and others, and you also fail to give the guardian credit for check paid out to J. T. Primrose for $507.08 as to this minor, and you also refuse to allow guardian an allowance for taking care of said minor in the sum of $500."

After hearing the case the referee made his report to the court, which was objected to by the guardian, and upon motion of the wards for confirmation of said report the court sustained the motion and rendered judgment upon the report of the referee. which refused to allow the items contested as set out in the agreed statement of facts, and the guardian has appealed by petition in error and case-made.

1. The guardian contends that the county court had no jurisdiction to hear and determine an accounting between his ward, Louisa Tarloshaw, and himself, for the reason that at the time of filing his report on December 30, 1921, she had become of age, and the guardian cites several authorities which he claims supports his contention. As we understand his argument, he contends that if there is no settlement of the accounts of the guard-

ian before the ward reaches his majority that the settlement must be made with the ward and not with the county court. The same reasoning would apply in all cases where the guardianship terminates before settlement is made.

We cannot agree with this contention. The guardianship may be terminated, but the county court has jurisdiction in all cases to require and enforce an accounting of all the acts and transactions of the guardian up to the time of the termination of the same. We think the case of Title Guaranty & Surety Company v. Slinker, 35 Okla. 128, 128 Pac. 696, settles this question against the guardian's contention. Justice Kane, speaking for the court, in the body of the opinion, at page 131, uses the following language:

"The next error is to the effect that the court erred in permitting defendant in error to admit in evidence the decree or settlement of the county court against J. I. Slinker the guardian. This upon the theory that a citation requiring a guardian to appear and make his final account, after he had been removed as such guardian, although duly served, is of no binding force or effect. This contention is without merit. Section 13, art. 7, of the Constitution provides: 'The county court shall have the general jurisdiction of a probate court. It shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards; grant letters testamentary and of administration; settle accounts of executors, administrators and guardians; transact all business pertaining to the estates of deceased persons, minors, idiots, lunatics, persons non compos mentis and common drunkards, including the sale, settlement, partition, and distribution of the estates thereof.' Sections 4941, 4950, and 5522, Comp. Laws 1909, in terms confer the same authority.

"In Graff v. Mesmer supra, it was held: 'It is the peculiar province of the probate court to settle accounts of guardians; and, as we have seen, it has authority to do so even after the letters are revoked. The statute contemplates that its power in that respect shall be exclusive in those cases in which the necessary authority has been conferred, as in this case.' "

We must therefore hold that the county court had full jurisdiction in the instant case to require and enforce the accounting between the guardian and his wards.

2. In the next place the guardian states and discusses 14 assignments of error based upon the action of the referee in refusing to allow 14 different claims or items of credit which were contained in his report and were contested in the trial of the case. The objection is the same in each case and the principle involved the same. The guardian reported these items in his final report as transactions in which he paid out money in the interest of his wards, and the record discloses that the disbursements were made without application to the court and without orders from the court approving and directing the same. These items were subject to contest and in the trial of the issues, as to whether they were proper items of credit, the burden of proof was upon the guardian. 28 C. J. 1221.

The issues involved as to these contested items were issues of fact and the referee had the witnesses before him and heard all the evidence and found the issues in favor of the wards and against the guardian, and upon examination of all this testimony and the arguments presented in the briefs of the parties, we think the findings of the referee are supported by the evidence, and the judgment based thereon should not be disturbed by this court. Parks v. Roach, 88 Okla. 19, 210 Pac. 402.

3. The guardian further contends that there were no exceptions filed to his report and in the absence of written objections to the items of the report that the court was without jurisdiction to hear and determine any contests on the same.

Citing sections 6565 and 6441, of Revised Laws of Oklahoma, which mention the procedure and provide that the account of the guardian may be contested by written exceptions on the part of any person interested in the estate, and he further cites the rule as to contesting reports by persons interested in the estate as set out in the California case—In re Mores' Estate, 54 Pac. 148. The rule contended for does not preclude the court from examining the items of the accounting and hearing testimony and requiring the guardian to make proof of the correctness and genuineness of each item stated in the report. The report made may not be taken as true because no one appears to contest it, and the court is not precluded nor deprived of jurisdiction to examine each item and determine its correctness, because there are no written objections to the same.

4. We have examined the 17th and 18th assignments of error contended for by the guardian and we do not think that there is any merit in them.

5. The guardian contends in his 19th assignment of error that the court erred in not allowing him compensation for services rendered in looking after the minors and their estates. These items depended upon the services rendered and the services rendered were

questions of fact which were passed on by the court after hearing all of the evidence and, after reading the record, we cannot say from the facts disclosed by the evidence that the refusal of the court to allow the guardian compensation for services claimed by him is against the weight of the evidence, and under the well known rule of this court, in such cases the judgment should not be disturbed.

6. The last assignment of error is numbered 19 in the guardian's brief but we take it that he means 20 and this assignment goes to the error of the court in overruling the motion for new trial and the last assignment numbered 20, which we take it should be 21, goes to the insufficiency of the evidence and is claimed to be contrary to law and that the findings of the referee are unreasonable.

We deem it unnecessary to follow the argument as to these assignments, and we think the objections therein stated are fully answered in what has already been said.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.