### HOWE v. TARLOSHAW et al.

No. 16085—Opinion Filed April 7, 1925.

(Syllabus.)

**Appeal and Error—Frivolous Appeals—Dismissal.**

Where, upon an examination of the record, petition in error, and the motion to dismiss, it appears that the appeal is manifestly frivolous and without merit, the appeal will be dismissed.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action between R. D. Howe and Louisa Tarloshaw and another. From order refusing to modify judgment, Howe brings error. Dismissed.

R. D. Howe, for plaintiff in error.

Frank L. Montgomery and Turner, Turner, Horsley & Parris, for defendants in error.

PER CURIAM. Plaintiff in error, R. D. Howe, was guardian of the person and property of Louisa and Mista Tarloshaw, orphan Indian minors, for a period of approximately ten years. When the wards became of

age they demanded a report and accounting. A report was made which was contested and a number of items disallowed by the special judge in the county court. From the order of the county court disallowing these credits, Howe appealed to the district court, where the case was referred to a referee.

A stipulation was entered by the parties before the referee restricting the hearing to the particular items disallowed by the county court. Upon the hearing in the matter the referee reported that the evidence was restricted to those items and made findings affirming the judgment of the lower court. This report was adopted by the district court, and the case came here for review. An opinion was filed in the case by this court January 29, 1924, affirming the judgment of the district court. Plaintiff in error filed petition for rehearing, which was denied. He later filed an application for leave to file second petition for rehearing, which was considered and denied. Mandate went down in the case and execution issued to satisfy the judgment. 103 Okla. 268, 225 Pac. 983.

In August, 1924, Howe filed in the district court what he denominated a petition to reform and correct judgment. Also motion to file stay bond, pending hearing on this petition. The motion for stay bond was denied, also the petition to modify the judgment, and to review the order refusing to modify the judgment plaintiff appealed by petition in error and transcript.

While a number of errors are assigned, only two propositions are presented, which are: (1) That the court erred in not modifying the judgment complained of; and, (2), that certain personal property levied upon and sold under execution to satisfy the judgment was sold far below its value. Defendants in error have filed a motion to dismiss appeal upon the ground that the same is frivolous. The ground alleged in the petition to modify and correct judgment is that the court erred in not allowing the same items of credit which were before the county court, enumerated in the notice of appeal to the district court, set out in the stipulation before the referee and argued before the Supreme Court on appeal. Furthermore, this stipulation is incorporated in the opinion of this court rendered January 29, 1924, in considering the questions presented.

In the case of Midland Valley R. Co. v. Clark, 96 Okla. 264, 221 Pac. 1025, it is stated in the second paragraph of the syllabus:

"Where questions arising in the trial court previous to a former appeal of the cause to this court are such that if presented at all to this court should have been presented in such former appeal, they are concluded by an affirmance by this court of the judgment of the trial court in the former appeal and cannot be presented to this court on a second appeal."

In the case of McCornack et al. v. Fleming, 70 Okla. 50, 172 Pac. 952, it is held in the second paragraph of the syllabus:

"The power of the trial courts to vacate or modify their judgments or orders at or after the term does not authorize the setting aside of a judgment or final order at a subsequent term for mere errors of law which were properly subject to review upon motion for new trial at the term when rendered or made."

Also in Hollister v. Kory, 47 Okla. 568, 149 Pac. 1136, it was said in the opinion:

"Motion has been filed in this court to dismiss the appeal on the ground that it is frivolous. In the motion to vacate the judgment, we find that no defense to plaintiff's cause of action was set out; and as section 5271, Rev. Laws 1910, provides that a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action on which the judgment is rendered, defendant is in no position to complain of the court's action in the overruling thereof."

In the syllabus, it was held:

"Where, upon an examination of the record, the petition in error, and the motion to dismiss, it appears that the appeal is manifestly frivolous and without merit, the appeal will be dismissed."

It would appear from these authorities that the first proposition presents nothing for consideration.

As stated, the second proposition is objection to confirmation of sale of property under execution for the reason that such property did not bring anything like its value. However, there is nothing in the record which would tend to establish the real value of the property, as no evidence was brought up, the appeal being by transcript.

In Vann et al. v. Union Central Life Ins. Co., 79 Okla. 17, 191 Pac. 175, it is said:

"The objections and exceptions to the order confirming a sheriff's sale are not part of the record proper unless brought into the same by a bill of exceptions or case-made."

The proceeding in error is without merit.

The appeal is dismissed.

Note.—See under (1) 4 C. J. p. 574 § 2382.