## SIMPSON v. SCHAFF et al.

No. 12789—Opinion Filed May 12, 1925.

**Appeal and Error—Review of Equity Case —Findings and Evidence.**

In an equitable action, the presumption is in favor of the finding of the trial court, and it will not be set aside unless clearly against the weight of the evidence.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Creek County; Mark L. Bozarth, Judge.

Action by R. L. Simpson against Gypsy Oil Company to quiet title to certain real estate. B. F. Schaff, N. H. Davis, Edith Lucinda Pitman, a minor, E. C. Funk, and H. C. Wilcox, intervened. Judgment for interveners, and plaintiff appeals.

E. J. Van Court and Milam M. King, for plaintiff in error.

Davidson & Williams, for defendants in error.

Opinion by FOSTER, C. Plaintiff in error, R. L. Simpson, plaintiff below, has appealed to this court to reverse a judgment of the district court of Creek county, adjudging Edith Lucinda Pitman to be the owner of a certain tract of land located in Creek county, and refusing the prayer of his petition to quiet the title to said land in him.

Plaintiff in error asserted title to said land through a deed from Ed Pitman, the alleged father of the allottee, who, it was claimed, inherited from the allottee, Edith Lucinda Pitman.

The defendant in error, Edith Lucinda Pitman, a minor, by her guardian, E. Kersey, intervened in the trial court and set up title to said land as the allottee, and the other defendants in error likewise intervened and claimed under oil and gas leases executed by the defendant in error Edith Lucinda Pitman.

Parties will be hereinafter designated as plaintiff and interveners, as they appeared in the trial court.

The trial court, as stated, found for the interveners, holding that the intervener,

Edith Lucinda Pitman, owned said land as the allottee thereof, and found against the contention of the plaintiff that Ed Pitman was the father of the allottee, Edith Lucinda Pitman. It was the theory of the intervener, Edith Lucinda Pitman, that she was a daughter of Robert Pitman and Lucinda Pitman, and that she was born on June 22, 1905, and therefore entitled to be enrolled as a new born Creek under the provisions of an Act of Congress, approved April 26, 1906. A certified copy of the enrollment record of Edith Lucinda Pitman, new born Creek, roll No. 432, was introduced in evidence, which purported to show that Robert Pitman was her father and Lucinda Pitman her mother, but this enrollment record cannot be regarded as conclusive as to the identity of the applicant. Norton v. Larney, 289 Fed. 395.

In addition to this, a great mass of oral testimony was introduced by interveners, tending to show that intervener was the daughter of Robert Pitman and Lucinda Pitman, and that she was born on June 22, 1905, and living on March 4, 1906.

In contradiction of this testimony, the plaintiff introduced much evidence in rebuttal, tending to show that intervener was born subsequent to March 4, 1906, and hence could not have been the allottee; that Robert Pitman and Lucinda Pitman never had born to them a child named Edith Lucinda Pitman, who was living on March 4, 1906, and that intervener was never known by the name of Edith Lucinda Pitman until several years after the enrollment; that while the name of the allottee was Edith Lucinda Pitman, such allottee was, in fact, a daughter of Ed Pitman and his wife, Susie Pitman, formerly Susie Meeks, and that she had died in infancy in the year 1905, leaving surviving, her father, plaintiff's grantor, Ed Pitman, and her mother, Susie Pitman; that Susie Pitman later died, leaving the father, Ed Pitman, as her sole surviving heir.

This being an equity case, this court will consider the entire record, and the fact that the plaintiff introduced practically all of his evidence in support of his claim in rebuttal will not, of itself, defeat his right to recover if the court, upon a consideration of the entire record, can say that the judgment rendered by the trial court was clearly against the weight of the evidence.

The weight of the evidence and not the order in which it was introduced is the controlling consideration. This court will weigh

and consider both the claim of the plaintiff and of the intervener in the light of the entire record, and upon a consideration of the evidence in its entirety, will determine whether or not the judgment rendered by the trial court is supported by the clear weight of the evidence.

It is conceded by both parties that the sole issue in this case is one of identity, that is to say, whether the allottee, Edith Lucinda Pitman, was the child of Ed Pitman, or whether she was the child of Robert Pitman. The evidence is voluminous and presents many unusual features.

The evidence introduced is irreconcilable upon many vital issues in the case. There is a sharp conflict between Ed Pitman's relatives and Susie Pitman's relatives as to the identity of the allottee. It is agreed that Ed Pitman and Susie Pitman, formerly Susie Meeks, were at one time husband and wife, yet the members of Susie Meek's family practically unite in declaring that she never had a child born to her by Ed Pitman whose name was Edith Lucinda Pitman.

Generally speaking, it may be said that the testimony of the Meeks family supports the claim of the intervener, although a stranger by blood to that family, and that the testimony of the Pitman faimly, with the exception of Robert Pitman, the alleged father of the intervener, supports the claim of Ed Pitman as the father of the allottee.

The testimony of the Pitmans, one of whom was a half-brother of Robert Pitman, was not persuasive, as it related to the important issue of the relationship between Ed Pitman and Edith Lucinda Pitman as father and child.

Ed Pitman himself could not and did not testify that he had ever seen his child, and no member of the Pitman family ever swore that they had ever seen the child at all, except Laurel Pitman, who claims he visited the Meeks family near Skiatook, in 1905, and saw the child in its mother's arms.

On the whole there is such an irreconcilable conflict between the Pitman family and the Meeks family over the paternity of Ed Pitman, as well as the date of the birth of intervener, that we feel constrained to disregard all of this testimony and look elsewhere, if possible, for a solution of the question of fact presented in this case. Not even the testimony of the father and the mother of intervener affords much help, for in many respects this testimony is in hopeless conflict.

The weight of the disinterested testimony introduced supports, we think, the conclusion of the trial court. The testimony of Mr. Weeks and Dr. McAlester is particularly persuasive in view of the fact that these witnesses were not interested or related in any manner to the litigating parties.

The testimony of Mr. Weeks is that on two separate occasions in 1906, Robert Pitman and Lucinda Pitman, his wife, brought the child to his office accompanied by Robert Pitman's mother, Matilda Pitman, and made certain birth affidavits; that the child then appeared to be about a year old and all of the parties, whom he had known for sometime, referred to the child and gave its name as Edith Lucinda Pitman.

It is inconceivable to us that the persons having this child in charge on these occasions were not the parents or that the true mother could have been absent on these occasions. It may be stated, as a general rule in equity cases, that the presumption is in favor of the findings of the trial court and will not be set aside unless clearly against the weight of the evidence. Parks et al. v. Roach, 88 Okla. 19, 210 Pac. 402; Johnson v. Johnson et al., 85 Okla. 274, 206 Pac. 205.

In the light of the entire record, we cannot say that the learned trial judge, who had a superior opportunity for observing the witnesses and the weight to be given their testimony, has not decided the facts correctly, or that his judgment is against the clear weight of the evidence.

We are satisfied that the trial court arrived at the proper conclusion in finding and adjudging that intervener, Edith Lucinda Pitman, was the allottee of the land in controversy, and in establishing her title thereto as against the claim of the plaintiff. The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. pp. 77, 900.