1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79. (3) 38 Cyc. pp. 1778, 1781. (4) 38 Cyc. p. 1711.

---

## KAWFIELD OIL CO. v. LASHLEY & RAMBO.

No. 16780—Opinion Filed Jan. 19, 1926.

Rehearing Denied June 22, 1926.

(Syllabus.)

**Appeal and Error—Dismissal—Frivolous Appeals.**

Where it clearly appears from the record that an appeal is frivolous and for delay merely, the appeal will be dismissed.

Appeal from District Court, Tulsa County; A. C. Brewster, Assigned Judge.

Action by Lashley & Rambo, a copartnership composed of Edmund Lashley and Hal F. Rambo, against Kawfield Oil Company, a corporation. Judgment for plaintiffs, and defendant appeals. On motion to dismiss. Motion sustained and appeal dismissed.

Higgens & Berton and Christy Russell, for plaintiff in error.

Russell B. James, for defendants in error.

PHELPS, J. This case is before us on a motion to dismiss the appeal because the appeal is frivolous and for delay. The defendants in error filed their suit in the district court of Tulsa county to recover from the plaintiff in error on an account. The account was verified and attached to the petition, which was also verified. The plaintiff in error, who was defendant below, answered by filing a verified general denial.

On March 2, 1925, the cause was set for trial on March 13, 1925, and on March 5, 1925, after first obtaining leave of court, plaintiffs who are de.endants in error here, filed their reply to defendant's answer, and when the cause was called for trial on March 13th the defendant moved to strike certain parts of the reply upon the grounds that they were irrelevant, redundant, immaterial, and constituted a departure from the allegations of the petition, and also filed a motion to strike the cause from the trial docket for the reason that it had not been at issue ten days prior to the time it was set for trial. Whereupon, the plaintiffs withdrew their reply and the court overruled defendant's motion to strike the cause from the trial docket. Plaintiffs introduced their evidence, and judgment was rendered for plaintiffs as prayed for in their petition; no evidence or defense being offered by defendants. Motion for new trial was filed and overruled, and appeal perfected.

The evidence introduced is omitted from the case-made and in the response to the motion to dismiss the appeal counsel for plaintiff in error expressly state that they do not challenge the sufficiency of the evidence to support the judgment. It is, therefore, apparent from the record that the appeal is frivolous and for delay merely, and following the rule laid down in Jackson v. Durant Nat. Bank, 101 Okla. 228, 224 Pac. 960, Weston v. Blythe, 108 Ok'a. 55, 233 Pac. 693 and Howe v. Tarloshaw, 108 Okla. 182, 235 Pac. 594, the same is dismissed and judgment rendered on the supersedeas bond for the amount of the judgment, to wit, $1,141.72, with interest thereon at six per cent. per annum from November 6, 1923, until paid and for the costs of the action, including the costs of this appeal.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 574 §2382.