Appeal of the ESTATE of Robert L. WARWICK, Deceased.

No. 36697.

Supreme Court of Oklahoma.

Dec. 6, 1955.

As Amended Dec. 19, 1955.

Houts & Houts, Alva, for appellant, Gene McGill, Administrator of the estate of Robert L. Warwick, deceased.

Mauntel & Doolin, and C. E. Wilhite, Alva, for appellee, Mariam Felicia McGill, Executrix of the Last Will and Testament of Robert L. McGill, deceased.

PER CURIAM.

This is an appeal from an order and judgment of the District Court of Woods County pertaining to the allowance of an administrator's fee. The trial court heard the matter de novo on appeal from the county court. Constance McGill, sole heir of the decedent, secured the appointment of her two sons Gene M. McGill and Robert L. McGill as co-administrators of the estate. Robert L. McGill resigned prior to the closing of the estate, and died prior to the approval of the final account submitted by the remaining administrator. The only issue involved was whether a fee had been paid to Robert L. McGill, as co-administrator, during his lifetime. The appeal is from the judgment allowing an administrator's fee to the estate of the deceased co-administrator.

Appellant, Gene M. McGill, administrator, and appellee, Mariam Felicia McGill, Executrix of the Last Will and Testament of Robert L. McGill, deceased, agree that the $711.55 allowed by the county court and district court on appeal as co-administrator's fee is a proper amount and earned by the co-administrator. Appellant contends, however, that full compensation had been made and the estate is therefore not obligated.

The factual issue was presented to the county court by objections filed by the

executrix to the final account on the ground that no provision was made for payment of the co-administrator's fee, and that the amount due should be fixed by the court.

The final account did not contain any reference to the co-administrator's fee but after the objection thereto and responsive pleadings the final account was amended to state payment, it being asserted in the amendment that the sum of $1,000 had been advanced to Robert L. McGill during his lifetime by the sole beneficiary of the estate and that payment had been accomplished by depositing in a bank the sum of $1,936.30 to his credit, $1,000 thereof having been accepted as full payment for services as co-administrator.

■ The evidence heard by the trial court, pertaining solely to the question of payment, was conflicting. However, the evidence submitted on behalf of the executrix reasonably tended to prove that Robert L. McGill had never received payment for his services as co-administrator and that the deposit to his credit was in satisfaction of an obligation of Constance McGill entirely independent of the administration proceedings.

The trial court's finding that no compensation had been received was amply supported by the evidence. Such conclusion was decisive of the only question to be determined by the court.

Although the sole issue involved was whether the co-administrator had been paid for his services the matter is inherent in the basic consideration before the court, that is, the correctness of the final account. If the fee was due and payable consideration was properly given at the time of approval of the account.

■ Such account was made to the county court and whether exceptions were filed or not it was the duty of the county court, and the district court on appeal, to examine it, and the burden was upon the administrator to sustain by his proof any item or questioned provision thereof. The filing of objections to the account is but an aid to the court. Consequently upon the establishment of an issue as to payment of an administration charge against the es-

tate, it was the duty of the court to hear the testimony and to determine the correctness of this proceeding toward final settlement of the estate.

Such proceeding is not a civil action.

The principles above set out have been stated many times by this court. See In re White's Estate, 175 Okl. 439, 52 P.2d 1074; In re Williamson's Estate, 188 Okl. 157, 107 P.2d 192; Howe v. Tarloshaw, 103 Okl. 268, 225 P. 983; In re Butler's Guardianship, 130 Okl. 241, 266 P. 1106.

■ Where the court hears the testimony on the issues under such circumstances as exist in this case and renders judgment based thereon, this court will not disturb the judgment unless clearly against the weight of the evidence. Howe v. Tarloshaw, supra.

The provision of law under the decision of this court to which citation is above made and the findings of this court dispose of the complaint of appellant in so far as error in overruling a demurrer to the evidence or motion for judgment are concerned as well as in overruling the motion for a new trial.

■ Inasmuch as the determination of the fact of payment was entirely dependent upon the transaction, between the heir and Robert L. McGill during the lifetime of the latter, pertaining to the acceptance of the deposit as payment of his co-administrator fee it was necessary to inquire into this transaction through the survivors having knowledge thereof. The surviving administrator, the heir and the executrix all testified to conversations and communications had with the deceased. The testimony of the executrix was in rebuttal. Appellant complains that the trial court erred in receiving the testimony of the executrix on the ground that her evidence was precluded by the provision of Title 12 O.S. 1951 § 384. We do not agree. Appellant in attempting to establish payment offered proof of the transaction by using the testimony of the administrator and the heir, both of whom testified to conversations and agreements made with Robert L. McGill relative to the payment.

The statute cited prohibits testimony on a person's own behalf in respect to any transaction or communication had personally by such person when the adverse party is his legal representative or heir, where the party has acquired title to the cause of action immediately from such person. Appellee's adversary was not the personal representative of Robert L. McGill, deceased, but the representative of Robert L. Warwick, deceased. In Clammer v. Fullerton, Okl., 259 P.2d 823, we held that a distributee of an estate objecting to a charge against her share was not one who acquired title to the cause of action from the deceased person and was not in fact asserting a cause of action but defending against one. The situation in this case is analogous.

The purpose of the statute is to prevent a person from testifying to transactions had with a deceased person to the prejudice of his legal representative or heirs when the voice of the decedent is silent to affirm or deny. The rule can have no application where the legal representative or heirs as adversaries represent other than the deceased person with whom the transaction was consummated nor does the statute apply where such legal representative or heirs claim to be a party to the very transaction or communication involved and take the lead in testifying what the transaction or communication was or was not. See Barry v. Hubbard, 195 Okl. 112, 155 P.2d 512.

Appellants contend that the trial court based its judgment upon that of the county court rather than from evidence on trial de novo quoting statements made by the trial judge incorporated in the record separate from the formal finding of the judgment entered.

Since the oral statements of the court were incorporated into the record they have been examined in connection with the judgment entered. However, we do not find the statements so made of such character as to overcome the presumption of correctness that accompanies the judgment. The journal entry of judgment quite clearly relates the finding of the court that the evidence "adduced at this trial" on the part of appellee proves that no compensation had been received. The oral statements by the court did not constitute findings of fact and will not be considered as such to vary the judgment of the court as contained in the journal entry. This ruling is in accord with our holding in Miller v. Young, 197 Okl. 503, 172 P.2d 994.

We find no error in the result reached by the trial court.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACKBIRD, JACKSON, and HUNT, JJ., concur.

"The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. Crawford and approved by Commissioners James H. Nease and Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court."