## GAMEL v. HYNDS et al.

No. 6071—Opinion Filed Jan. 29, 1918.

Rehearing Denied March 26, 1918.

(171 Pac. 920.)

**1. Appeal and Error — Equity — Advisory Jury — Adoption of Jury's Conclusions —Instructions.**

In cases of equitable cognizance, the judge may call a jury or consent to one for the purpose of advising him on questions of fact, and he may adopt or reject their conclusions; and instructions offered by the parties furnish no ground of error on appeal.

**2. Same—Reversal of Judgment.**

It is not only the right but the duty of the court in such cases to finally determine all questions of fact as well as of law, and, where the record shows that the court did not adopt the findings of the jury but especially disagreed therewith, a judgment of the court based on the findings of the jury must be reversed.

**3. Evidence — Secondary Evidence — Foreign Judgment.**

Parol evidence is inadmissible to prove the existence of a foreign judgment.

(Syllabus by Hooker, C.)

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Suit by J. C. Hynds and another against J. A. Gamel. Judgment for plaintiffs, and defendant brings error. Reversed, and remanded for new trial.

J. F. McKeel, for plaintiff in error.

Robert Wimbish, B. H. Epperson, and Tom D. McKeown, for defendants in error.

Opinion by HOOKER, C. This suit was instituted in the lower court by Gamel against J. C. and Agnes Hynds to recover a personal judgment upon three promissory notes for $800 each with 8 per cent. interest from date, August 17, 1906, and to establish and foreclose a vendor's lien upon certain real estate described here. And it was alleged that said notes had been executed to N. B. Breckinridge as a part of the purchase price for real estate conveyed by Breckinridge to Hynds, and that said notes had been assigned and transferred before maturity for a valuable consideration to the plaintiff in error, who upon default and maturity thereof instituted this action.

N. B. Breckinridge, on his application, was made a party defendant to this action in the court below, and he filed an answer in his own behalf which admitted the ex-

ecution of said notes to him and his transfer thereof to Gamel, but he alleged that, after the execution and delivery of said notes and the conveyance of the property for which they were given as a part of the purchase price, he removed from the state of Oklahoma to the republic of Mexico, and while he was there that he was induced by Gamel to purchase an interest in a certain corporation organized by Gamel for the purpose of manufacturing and selling ice and soda water, and that he was induced to take stock in said corporation by means of false and fraudulent representations made by Gamel to him as to the value of the said stock, and that relying upon these representations, he had executed his note for $5,000 to the plaintiff, Gamel, and in order to secure the payment thereof had deposited with Gamel as collateral security the three notes involved in this action; that there was no other consideration for said note other than this worthless stock, and that plaintiff knew at the time he made said representations that they were false and were made by Gamel for the purpose of defrauding him, which it did. As a further defense the said Breckinridge alleged that suit had been filed upon the $5,000 note against him in the court at Saltillo, Mexico, and that a judgment of the court had been rendered there in his favor to the effect that said note was void and without consideration, and that judgment was relied upon by Breckinridge in bar to recover here. It was further asserted by Breckinridge that there was no consideration for the notes executed by Hynds to him.

To the answer of Breckinridge the plaintiff, Gamel, filed a reply, and upon the issues as presented the cause was tried and a judgment had in favor of the defendants in error, from which an appeal is had to this court.

It will be noticed that this is an action of equitable cognizance, as the plaintiff below sought the foreclosure of a vendor's lien upon the property involved. The defendant, Breckinridge, asked that the notes be canceled, that the vendor's lien on said real estate be released, and that his deed to Hynds be canceled and held for naught, and that the court decree the title to said property to him, and the judgment of the court so did. The trial court submitted these issues to the jury under instructions, and a verdict was rendered in favor of the defendants in error. The court below evidently failed to recall that the verdict of the jury was only advisory, and that as the trial court he had the right to disregard the ver-

dict of the jury if same did not meet with his own views as to what the equities of the case demanded. From the record before us the verdict of this jury did not meet with the approval of the trial judge, for in the order of the court overruling the motion for a new trial we find the following:

"This question was submitted to the jury, and the jury found that there was evidence of fraud; however, the court is not fully satisfied on that question. It further appears to the court that there were two law propositions that should have been presented to the jury in the court's instructions. * * * The court is of the opinion that if those propositions of the law had been submitted to the jury, as the evidence warranted, the verdict of the jury might have been different. * * * The court is frank to say that this would not be the judgment of the court if it was left entirely with the court; while under the rules of law the court is of the opinion that the motion for a new trial should be overruled, which is hereby ordered."

This court has often-times held that even in a common-law action it is the duty of the trial court to weigh the evidence and to approve or disapprove the verdict, and if the verdict is such that in the opinion of the trial court it should not be permitted to stand, and it is such that he cannot conscientiously approve it, and he believes it should have been for the opposite party, it is his duty to set it aside and grant a new trial. See White v. Dougal, 60 Okla. 200, 159 Pac. 907; Risen v. Harris, 50 Okla. 764, 151 Pac. 584.

In the instant case the trial court had the right to disregard the verdict of the jury, if in his judgment the same failed to speak the truth, and to reach his own conclusions upon the merits of the cause irrespective of the verdict. This he did not do, as it plainly appears by the record, and the trial court's disapproval of the verdict of the jury under the state of this record, if it were a common-law action, would be sufficient to reverse this case. This being an equitable case, however, and one wherein the trial court had a right to reach conclusions of his own irrespective of the verdict of the jury, a judgment of the court not sustained by the evidence, and one which he himself does not approve, but being based upon a verdict of the jury with which he does not agree, cannot be permitted to stand.

It is unnecessary to consider the instruction presented to the jury, for this court has often held that a case of this character will not be reversed on account of

improper instructions, where the trial court has the right to disregard the verdict of the jury and reach his own conclusions as to the merits of the cause. This court in Crump v. Lanham et al., 67 Okla. 33, 168 Pac. 43, said:

"In cases of equitable cognizance the judge may call a jury, or consent to one, for the purpose of advising him on questions of fact, and he may adopt or reject their conclusions, as he sees fit, and instructions offered by the parties furnish no ground of error on appeal. It is not only the right, but the duty, of the court in such cases to finally determine all questions of fact as well as of law."

The errors complained of in the instructions will not be considered here, but it was the duty of the trial court to have determined all questions of fact. This he did not do. While we have the right, under repeated decisions of this court, to consider this evidence and render or cause a judgment as we deem proper in the premises, yet, as this evidence is conflicting, the trial court is in a better position to determine the correctness of this controversy than we are.

We think the evidence here shows that Gamel is the owner of this $5,000 note, and the record fails to satisfy our minds by any competent evidence that any judgment has been rendered thereon which would bar a recovery here. If Breckinridge had any such evidence, he should have presented it to the trial court. This he did not do, although this case has been pending since February, 1909.

Certain parol evidence was introduced here as to the rendition of that judgment in the Mexico courts, and as to its contents, but that evidence is far from satisfying and is incompetent.

R. C. L. vol. 10, p. 1121, says:

"Mode of Proof—Copies.—A judgment and the proceedings in the cause in which it has been rendered properly are proved by the record itself or by certified copy. Indeed, except in case of the loss or destruction of the record, it cannot be proved otherwise than by the original or by a duly authenticated copy. In most of the states there are statutes providing for the introduction of certified copies of judicial as well as nonjudicial records. * * * So a judgment cannot be proved by the testimony of a witness that while he was clerk of the court certain papers shown to him were issued and filed by him, and he believes they are the records of the court. * * *"

Other authorities supporting this rule are: Lyon v. Bolling, 14 Ala. 753, 48 Am. Dec. 122; Hammatt v. Emerson, 27 Me. 308, 46 Am. Dec. 598; Eyler v. Crabbs, 2 Md. 137, 56 Am. Dec. 711; Tuttle v. Jackson, 6 Wend. (N. Y.) 213, 21 Am. Dec. 306.

This cause is reversed, and remanded for a new trial.

By the Court: It is so ordered.