## CHURCHILL v. ROBERTS.

No. 13704—Opinion Filed April 15, 1924.

1. **Appeal and Error—Findings in Equity Case—Conclusiveness.**

In an equitable action the presumption is

in favor of the finding of the trial court, and it will not be set aside unless clearly against the weight of the evidence.

## 2. Same.

Record in the instant case examined, and held, that the judgment of the trial court is not clearly against the weight of the evidence.

## 3. Same—Discretion—Submission of Interrogatories.

Record in the instant case examined, and, held, that the finding and judgment of the trial court was not void for inconsistency, and that the trial court did not abuse its discretion in not submitting to the jury additional interrogatories.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Noble County; J. W. Bird, Judge.

Action by Rosa Bell Churchill against Cary C. Roberts to cancel deed and quiet title. Judgment for defendant, and plaintiff appeals. Affirmed.

Cress & Tebbe, for plaintiff in error.

W. M. Bowles, for defendant in error.

Opinion by FOSTER, C. Plaintiff in error, as plaintiff below, commenced this action against the defendant in error, defendant below, in the district court of Noble county, Okla., to quiet her title to the mineral rights including the oil and gas rights in a tract of land in Noble county, Okla., and to cancel a deed purporting to convey such rights to the defendant in error.

The parties will be hereinafter referred to as they appeared in the trial court.

It was claimed by the plaintiff that in a deed executed by her to the defendant on the 8th day of July, 1919, the mineral rights in the southeast quarter (S.E.¼) of section twenty-one (21), township twenty-one (21) north, range two (2) west of the Indian Meridian in Noble county, Okla., had been reserved by her, and that subsequently and before the recording of said deed the defendant fraudulently altered said deed and obliterated the reservation clause therein to her damage in the sum of $1,000, and she prayed that said deed, in so far as it purported to convey the mineral, be canceled, set aside, and held for naught, and her title in the mineral rights quieted subject to valid and subsisting oil and gas leases.

Answer was filed in which the defendant denied each and every allegation in the petition and specifically denied that the deed contained any mineral reservation and alleged that the deed conveyed the entire mineral rights to him.

A jury was impanelled and special interrogatories submitted to it, which returned a verdict on the 4th day of November, 1921, in favor of the plaintiff for the sum of $1, but failed to answer the special interrogatories submitted.

On February 7, 1922, the trial court answered two special interrogatories, which the jury had failed to answer, in the negative, approved the verdict of the jury in favor of the plaintiff for the sum of $1, taxed the costs of the action to the defendant, and rendered judgment quieting the title to the mineral rights in the defendant.

Motion for a new trial was filed and overruled, and plaintiff brings the cause regularly on appeal to this court upon petition in error and case-made.

Several assignments of error are relied upon by the plaintiff as grounds for reversal.

The first proposition discussed in the brief of plaintiff is, that the findings of fact and judgment of the court are contrary to the law and the evidence.

It is not disputed that on July 8, 1919, deeds were exchanged between plaintiff and defendant whereby the plaintiff obtained the title to 320 acres of land in Colorado, subject to a mortgage of $700, which the plaintiff assumed and agreed to pay, and whereby the defendant obtained title to 160 acres of land in Noble county, Okla., subject to a mortgage of $1,500, which the defendant assumed and agreed to pay.

It is clear that this transaction was the culmination of negotiations covering a period of several weeks, during which time the minds of the parties had not met upon the essential terms of the contract. It seems that the parties in the inception of the negotiations had in mind an even exchange, each reserving the oil and gas rights, and each assuming and agreeing to pay the outstanding mortgages, but it seems that this proposition failed for the reason that the outstanding mortgage upon the plaintiff's Oklahoma land exceeded by some $800 the amount of the mortgage upon the defendant's Colorado land and it was the defendant's claim, and he so testified, that the reservation of the oil and gas in the Oklahoma land was to be left out of the deed in order to equalize as near as possible the burden assumed by him in agreeing to pay the larger mortgage. At any rate, it was

contended by the defendant that the agreement as finally reached contemplated that he should obtain the full title to the oil and gas rights in the Oklahoma land, and that therefore the deed which was executed and delivered to him on the 8th day of July, 1919, did not contain any reservation.

In this contention the defendant appears to be corroborated by the terms of the deed itself, a copy of which appearing on the records of the office of the register of deeds of Noble county was identified and introduced in evidence. There is no testimony that this deed when it was offered for record by the defendant contained any evidence of alteration or obliteration, and there is no testimony so far as our examination of the record discloses that the defendant fraudulently altered or mutilated the deed after it was delivered to him and prior to the time it was filed for record.

It is true that the defendant did not produce the original deed at the trial for examination, but his explanation of the loss of the deed under all of the circumstances appears to be reasonable, and we do not think that the trial court, in view of this explanation, would be warranted in presuming a fraudulent alteration by the defendant in the absence of any evidence of fraudulent conduct on the part of the defendant tending to show such fraudulent alteration in the interim between the time of the delivery of the deed and the filing thereof for record.

The burden of proof was upon the plaintiff to prove that the deed was fraudulently altered and in the absence of such testimony, the deed itself must be presumed to speak the truth and to reflect the true intent of the parties.

It can serve no useful purpose here to review the evidence at length. In the light of the entire record, we cannot say that the learned trial judge, who had a superior opportunity for knowing the witnesses and the weight to be given to their testimony, has not decided the facts correctly, or that his judgment is against the clear weight of the evidence.

It may be stated as a general rule in equitable cases that the presumption is in favor of the finding of the trial court and it will not be set aside unless clearly against the weight of the evidence. Parks et al. v. Roach, 88 Okla. 19, 210 Pac. 402; Johnson v. Johnson et al., 85 Okla. 274, 206 Pac. 205.

We have no quarrel with plaintiff over the proposition of law that a forged deed is void and may be cancelled and set aside, although its voidance may not be apparent upon the face of the instrument, if the facts showing it to be a forgery and void have been clearly established.

The next proposition raised in the brief of plaintiff is, that findings and judgment of the court are inconsistent and that the judgment is contrary to the findings of fact rendered by the court.

The following interrogatories submitted to the jury and unanswered by it were each answered by the court in the negative:

Interrogatory No. 1. Did the deed made, executed, and delivered by the plaintiff, Rosa Bell Churchill, and her husband, to the defendant, Cary C. Roberts, contain a reservation of oil and gas rights in and to the southeast quarter of section 21, in township 21 north, range two west of the Indian Meridian, Noble county, Okla., at the time same was delivered to said defendants Roberts?

Interrogatory No. 2. Did the defendant-Roberts cause to be recorded in the office of the register of deed of Noble county, Okla., a false and fraudulent deed not containing any oil and gas reservations from the plaintiff, Rosa Bell Churchill, and her husband, in favor of the defendant Roberts?

It is argued that the approval by the court of the verdict of the jury in favor of the plaintiff for the sum of $1. involved a finding by it that the above interrogatories should be answered in the affirmative and was inconsistent with the special answers which the court made to these interrogatories in the negative.

It seems clear to us from an examination of the entire record that the trial court could not have been mistaken as to the nature and effect of its answers to the special interrogatories propounded and that by the unequivocal answers given in the negative to these interrogatories the court intended to find all of the issues in favor of the defendant.

The fact that the trial court subsequently incorporated in its judgment an approval of the verdict of the jury cannot be regarded as evidencing an intention to find otherwise than it had specifically found in the answers to the interrogatories, and was in the nature of a concession to the plaintiff which the court could and did in the exercise of its equity power make to the plaintiff. If the trial court in deference to the

jury accorded plaintiff concessions in the judgment to which she was not entitled, it was an error in favor of the plaintiff of which she ought not to complain.

In view of the clear and unequivocal finding of the trial court in favor of the defendant upon the vital issues in the case and the judgment of the trial court based upon these findings, quieting the title of the defendant to the mineral rights in the land, we do not think the mere approval by the court of a verdict by the jury for a nominal amount and rendered only in an advisory capacity can be accepted as a finding by the trial court in favor of the plaintiff.

It is finally contended that the trial court abused its discretion in that it did not submit to the jury such additional interrogatories as would enable them to advise the court upon the proposition as to whether or not the clause reserving the oil and gas rights out of the grant had been agreed upon by the parties, but unintentionally omitted therefrom at the time of the execution of the deed.

This contention cannot be sustained. The record discloses to our satisfaction that the trial court was exceedingly fair and considerate of the jury, and, in instructing them upon different phases of the law and in submitting to them special interrogatories and in returning them to the jury room from time to time for further deliberation, went much further than any court could be expected to go in obtaining the advice of the jury upon matters which the court alone could determine.

It must be borne in mind that this was an equity case and the trial court had the right to disregard the verdict of the jury or to decline to call in a jury at all for advice if it saw fit to do so. Gamel v. Hynds et al., 69 Okla. 204, 171 Pac. 920.

There was in our judgment no error committed by the trial court in not submitting the additional interrogatories requested.

It follows that the judgment of the trial court should be and is hereby affirmed.

By the Court: It is so ordered.