## FIRST NATIONAL BANK of HASKELL v. DINGLEDEIN et al.

No. 13735—Opinion Filed Sept. 30, 1924.

### Corporations — Unauthorized Pledge of Redeemed Bonds—Rights of Holders.

A corporation can only issue bonds at the instance and under the direction of its board of directors, and the pledging of bonds by an officer of the corporation, after maturity, which have been redeemed, to secure outstanding indebtedness of the corporation is unauthorized, and such bonds are not entitled to be taken into consideration or participate in foreclosure proceedings by the holders of other unredeemed bonds, to the prejudice of the interest of the holders of unredeemed bonds.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

Action by Ed Dingledein et al. against First National Bank of Haskell. Judgment for plaintiffs, and defendant appeals. Affirmed on condition.

Villard Martin, for plaintiff in error.

Warren L. White and W. H. Clark, for defendants in error.

Opinion by JONES, C. This action was instituted in the district court of Muskogee county, Okla., on the 2nd day of September, 1921, by the appellees, plaintiffs in the trial court, against appellant, defendant in the trial court, for the purpose of foreclosing a mortgage or deed of trust on an oil refinery belonging to the Southern Refinery Company, in Muskogee county.

The facts, briefly stated, as disclosed by the record, show that the Southern Refinery Company authorized the issuance of bonds in the aggregate sum of $60,000 to be secured by mortgage on its physical properties, and that on or about May 10th, 1920, by proper resolution made by its board of directors, issued $40,000 in first mortgage bonds of said Southern Refinery Company, to bear date of the 10th day of May, 1920, numbered from one to forty-two consecutively and inclusive. Four of said bonds, for the sum of $500 each, were payable 18 months after date, and 38 of said bonds were for the sum of $1,000 each; those numbered from 1 to 15 inclusive, being payable six months after date, those numbered from 16 to 30 payable twelve months after date, and those numbered from 31 to 38 inclusive, were payable 18 months after date. Bonds numbered one to eight, inclusive, for $1,000 each, which by the terms and tenor thereof were due and payable November 10th, 1920, six months after date of issuance, are the bonds here in controversy. Numbers one to five, inclusive, were originally sold to the First National Bank of Haskell, appellant herein, and bonds No. six to eight, inclusive, were sold to one Maning, and were all paid or redeemed on or about due date, and so far as the record discloses were delivered to the Southern Refinery Company, and it seems to be conceded were delivered for the purpose of cancellation, however, they were not marked canceled. And thereafter said bonds Nos. one to eight, inclusive, towit, on or about the 11th day of August, 1921, were pledged to the appellant herein, First National Bank of Haskell, as collateral security for a $6,000 note of the Southern Refinery Company, held by the bank. It seems that on June 10, 1921, the defendant bank loaned the Southern Refinery Company $6,000 and took a note therefor due July 10, 1921, and on or about the 11th day of August, 1921, in order to secure a renewal or extention of said note, the same then being past due, the officers of the Southern Refinery Company delivered to said bank the bonds aforesaid, one to eight, inclusive, also bond No. 40. The bonds Nos. one to eight, inclusive, being the same bonds that had been theretofore sold, redeemed, and returned to the company for cancellation, and no other consideration passed at the time said bonds were pledged to the appellant bank, other than the extension of the $6,000 note then past due.

Prior to the institution of this suit, the First National Bank of Haskell had instituted a suit against the Southern Refinery Company, wherein they asked for judgment on the note and foreclosure of the mortgage on the bonds, which had been pledged to it as collateral security for the payment of said note, and said cause of action had been prosecuted to judgment, and judgment rendered for the face value of said $6,000 note, together with interest and attorneys fee, and for the foreclosure of said mortgage, securing the bonds pledged as collateral security; and no appeal was taken from this judgment, and the appellant pleaded same as a defense to plaintiffs' cause of action in this case, and the plaintiffs, appellees herein, seek to foreclose the mortgage against the properties of the Southern Refinery Company, for the purpose of paying the indebtedness represented by the remaining 34 bonds, which were not paid at maturity and had not been redeemed.

On the trial of this case in the lower court, the court made finding of fact which substantially coincide with the statement of the case heretofore made, and as a conclusion of law found that all of the plaintiffs, except Rule and DeGroff, were entitled to judgment against the Southern Refinery Company for the sum of $25,000 (being the value of the bonds held by the various plaintiffs) and for a foreclosure of the mortgage or deed of trust on the property of the defendant covered thereby, and that the defendant First National Bank of Haskell was not entitled to any benefits under the said mortgage or deed of trust (by reason of the fact that it was the holder of the bonds one to eight inclusive, which had been paid and redeemed at maturity, and prior to the time they were pledged to this defendant), nor was it entitled to participate in the proceeds of the sale of the property under the mortgage or deed of trust, and judgment was rendered accordingly; from which judgment the appellant prosecutes this appeal and sets forth various specifications of error, but the only question here for our determination is whether or not the bonds one to eight, inclusive, were valid outstanding obligations of the Southern Refinery Company at the time they were pledged to the defendant bank, and whether or not the defendant bank is entitled to participate in the security to the extent of their pro-rata share of the bonds.

Appellant makes the contention that by reason of the judgment theretofore obtained against the refinery company by the defendant bank, from which no appeal was taken, the matter cannot be further litigated in this action, but the parties who are now asserting their rights as against the bank, and its attempt to foreclose the mortgage securing the bonds were not parties to the suit referred too, and in our judgment are in no wise bound by reason of same and appellant makes no serious contention to the contrary, but principally relies on the contention that the Southern Refinery Company had full power and authority to reissue the bonds as collateral security to secure its obligation, and calls attention to the fact that originally the company legally authorized a total issuance of $60,000 of bonds, and that only $40,000 was issued, and that it could have, by proper action on the part of its board of directors, issued the remaining bonds, aggregating $60,000, and that in such event the owners of the bonds who are now contesting the right of the bank to participate in the foreclosure proceedings would have been affected, just as though recognition should be given to the contention of the appellant to the reissue of the bonds one to eight, inclusive. And in support of this contention cites some authority which holds that a corporation may reissue its bonds, and that the question of reissuance is one of intention, and calls attention to the case of Crowe v. Warnarkee, No. 14184, decided Oct. 30, 1923, pending on rehearing, as an authority in point. The question involved in the Crowe Case referred to was the approval of a deed given by a restricted Indian, which at one time had been disapproved by the Secretary of the Interior, and later, and after the passage of the Act of Congress authorizing the approval of such deed by the county court of this state, same was approved by the county court having jurisdiction of the matter, and this court held the approval of the deed to be good, and that while it was physically the same deed which had been disapproved, treated it as a new deed.

This was a transaction between individuals all of whom concurred in and were present at the time of the approval of the deed, and a valuable consideration passed at that time from the vendee to the vendor, and the rights of no third parties had intervened, and we think the rule announced in that case is in no wise applicable to the question here involved.

Other authorties are cited by appellant, but from a careful examination of same we are unable to see the application thereof to this case. The case of Claflin v. The South Carolina Railway Company, 8 Fed. 118, is presented as an authority in point, and from an examination of that authority we conclude that the court was there dealing

with bonds not yet matured. In the body of the opinion we find this language:

"As against other bond holders secured by the same mortgage, I cannot believe there is a doubt of the power of the company to put out and keep out the entire issue up to the time the bonds became due. The contract with the individual bond holder is not more than that he shall have a due proportion of its security the mortgage on its face implies."

This we think a correct rule of law, and had the refinery company used the entire bond issue authorized, and sold same in accordance to law, this rule would apply in this case to the bonds here in controversy, but in this case, so far as the record discloses, the bonds were delivered to the appellant bank by the officers of the Southern Refinery Company without any authority from its board of directors, and consequently such act should not constitute a legal issuance of bonds, or a reissuance of bonds; had the bonds been delivered when redeemed to the trustee named in the deed of trust and he, acting within the scope of his authority as trustee, had delivered the bonds for the benefit of the company and the bond holders for whom he was authorized to act, a different question might arise, but, in this instance it seems that the bonds were pledged and delivered by the officers of the company, and in our judgment without authority, and of no avail.

The appellees call attention to section 4169, Rev. Laws 1910, and the fifth paragraph thereof, which provides that a negotiable instrument is discharged by payment by or on behalf of the principal debtor. It being conceded that the payment was made to the company, the bonds having been once redeemed could not be issued or pledged to secure a loan. There is no question as to notice to all parties concerned, in fact as disclosed by the record, bonds one to five inclusive, were originally purchased by the appellant bank and redeemed from said appellant.

We are therefore inclined to the opinion that the judgment of the trial was correct in holding that the appellant, First National Bank of Haskell, was not entitled to participate in the foreclosure of the mortgage as against the other bond holders. appellees herein, except as to bond No. 40, which seems to be an original issue and not redeemed, and in view of the fact that the appellant bank had prior to the institution of this suit recovered judgment against the Southern Refinery Company on its principal note of $6,000, and foreclosure under the terms of the deed of trust by reason of

being the holder of the bonds in controversy, and the judgment, not ppealed from, and becoming a final judgment against the Southern Refinery Company, we think would entitle the bank to participate in any residue of the funds remaining in the hands of the trustee after all cost and the judgment here involved is paid. We therefore recommend that the case be affirmed, subject to the suggestion above made.

By the Court: It is so ordered.