**SCROGGINS et al. v. NEW STATE TOWN-SITE CO. et al.**

No 15073—Opinion Filed Oct. 7, 1924.

Rehearing Denied Dec. 16, 1924.

**1. Appeal and Error—Review of Equity Case—Findings—Evidence.**

In an equitable action the presumption is

in favor of the finding of the trial court, and it will not be set aside unless clearly against the weight of the evidence.

## 2. Same—Judgment Sustained.

Record in the instant case examined, and held, that the judgment of the trial court is not clearly against the weight of the evidence.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Nowata County; C. H. Baskin, Judge.

Action by Martha Scroggins et al. against the New State Townsite Company et al. to cancel deed and quiet title. Judgment for defendants, and plaintiffs appeal. Affirmed.

T. C. Wilson and Bernard A. Gow, for plaintiffs in error.

Glass & Calvert, George B. Schwabe, Sams & Raymond, and Hamilton & Pendleton, for defendants in error.

Opinion by FOSTER, C. Plaintiffs in error, plaintiffs below, brought an action in the district court of Nowata county, Okla., on the 22nd day of August, 1922, against the defendants in error, defendants below, to cancel a certain deed covering the southwest quarter (S.W.¼) of the northwest quarter (N.W.¼) of the southeast quarter (S.E.¼) of section 31, township 26 north, range 16 east, I.M., in Nowata county, Okla., less a portion thereof occupied as the right-of way by the M., K. & T. Railway Company, described as the Knaggs-Heights addition to the town of Nowata, Okla., and to quiet their title thereto.

The parties will be hereinafter referred to as they appeared in the trial court.

The plaintiff Martha Scroggins, who was a quarter-blood Cherokee Indian, claimed title to said land under and by virtue of a patent issued on the 31st day of March, 1908, whereby she received said land as a part of an allotment to which she was entitled as a Cherokee citizen. It was alleged in her petition that the defendants claimed title to said land under a purported deed executed by her on the 4th day of May, 1908, which was void and inoperative to convey the title because the same was executed in violation of the Cherokee Treaty ratified and approved August 7, 1902, and of an Act of Congress approved April 26, 1906, and that therefore said deed and all subsequent conveyances based thereon were void and should be canceled, set aside, and held for naught.

It was further alleged that notwithstanding the deed of May 4, 1908, was executed by plaintiff Martha Scroggins subsequent to the removal of restrictions against the alienation of said land by the Secretary of the Interior, said deed was still void and inoperative to convey title, because said deed had been executed and delivered in pursuance of a contract entered into betweeen Martha Scroggins and one M. B. Rushing prior to the removal of her restrictions, whereby the entire purchase price therefor had been paid to her by the said Rushing in the fall of 1907, before the removal of her restrictions on the 3rd day of April, 1908, and that said deed was therefore in violation of the Act of Congress of April 26, 1906, and void.

The defendants denied that the deed of May 4, 1908, was executed in pursuance of any contract entered into with the plaintiff Martha Scroggins prior to the removal of her restrictions, and asserted title to the land under the deed of May 4, 1908, claiming that said deed was executed in pursuance of a valid order of the Secretary of the Interior, removing restrictions against the alienation thereof, was supported by an entirely new and independent consideration, and did not depend upon any contract or agreement entered into by the allottee, Martha Scroggins, with any one prior to the removal of her restrictions.

Defendants further pleaded that the New State Town site Company, on November 9, 1908, purchased the land in controversy from M. B. Rushing and husband, grantees in the deed of May 4, 1908, platted the same under the name of Knaggs-Heights addition to the town of Nowata, and sold lots to various parties, who in good faith and for a valuable consideration entered into the possession thereof and made lasting improvements thereon, and pleaded estoppel, laches, and other defenses not necessary here to be noticed.

The cause proceeded to trial before the court on the 25th day of August, 1923, and resulted in a judgment and decree denying plaintiffs any relief, and making a general finding in favor of the defendants. Motion for a new trial was filed and overruled, and plaintiffs bring the cause regularly on appeal to this court on petition in error and case-made.

There are several assignments of error, but the main contention is that the trial court erred in rendering judgment for the defendants because the judgment was not sustained by sufficient evidence and is contrary to law and in this connection the plaintiffs present an argument upon facts designed to show that the trial court incorrectly weighed the

evidence in arriving at conclusion that the deed of May 4, 1908, was not executed in pursuance of a contract entered into by the plaintiff, Martha Scroggins, with M. B. Rushing, prior to the removal of her restrictions on April 3, 1908.

Plaintiff Martha Scroggins testified in her own behalf, as follows:

"Q. Do you recall making a deed to Mrs. Rushing just after the removal of your restrictions became effective? A. Yes, sir. Q. What was paid you at that time for making that deed? A. $350. Q. Do you know that was paid at the time you made the last deed? A. Yes, sir; the last deed."

At this point it was insisted that the trial court erred in not permitting the witness to answer further questions propounded by her counsel designed to elicit the information that the deed of May 4, 1908, was not given for a new consideration, but had all been paid prior to that time. There was no offer made in the record of what her testimony would have been had she been permitted to answer the questions complained of, and since the contention of the plaintiffs was that all of the consideration in the sum of $700 had been paid in the autumn of 1907, and that therefore no part of the consideration was due at that time, such testimony cannot be regarded otherwise than as an attempt to impeach the witness, and the trial court, therefore, in our judgment, committed no error in refusing to admit this testimony.

Did the trial court incorrectly weigh the testimony in arriving at the conclusion that the deed of May 4, 1908, was not executed in pursuance of a contract entered into prior to the removal of restrictions?

The deed of May 4, 1908, having been executed prior to the Act of May 27, 1908, it is conceded that the transaction is governed and controlled by the provisions of section 19, of the Act of April 26, 1906, which, among other things, provided:

"And every deed executed before, or for the making of which a contract or agreement was entered into before the removal of restrictions be, and the same is hereby declared void."

The record shows that two deeds were executed by the plaintiff Martha Scroggins to M. B. Rushing prior to the removal of her restrictions, one being executed February 26, 1907, and the other on August 17, 1907, and that the deed which was executed on May 4, 1908, after the removal of restrictions, was executed to M. B. Rushing, the same grantee named in the first two deeds. This, however, is not sufficient to establish

as a matter of fact that the last deed was part and parcel of the same contract or agreement by which the first two deeds were executed. As was said by our court in the case of Oates et al. v. Freeman, 57 Okla. 449, 157 Pac. 74:

"The contract or agreement to convey within the inhibition of this statute (Act of April 26, 1906) is not to be inferred, as we understand it, from the mere fact of the execution of a deed during the period of restrictions, and placing that deed of record and the execution of a deed to the same party for the same land after the restrictions have been removed."

It must be borne in mind that it was plaintiff's contention all through the trial below, and urged with emphasis here, that no part of the consideration was paid the plaintiff Martha Scroggins at the time of the execution of the deed of May 4, 1908, but that all of such consideration in the sum of $700 had been paid in the latter part of 1907, when it is claimed a settlement of mutual accounts between Frank Scroggins and T. M. Rushing was effected. This contention is not supported by the testimony of the plaintiff Martha Scroggins, who testified that she received $350 when the last deed of May 4, 1908, was executed. It was also shown that in her application for removal of restrictions, she testified on two separate occasions that she had entered into no contract for the sale of her allotment or any part thereof.

It is insisted by the plaintiffs, however, that her theory is established by the testimony of Frank Scroggins and T. M. Rushing, the husband of M. B. Rushing. An examination of the testimony of these two witnesses discloses the same to be in direct conflict with the testimony of plaintiff herself in respect of the consideration for the last deed of May 4, 1908, and the date on which the consideration therefor was paid. Not only does the testimony of these witnesses contradict the plaintiff, but this court is unable, after a most careful scrutiny of their testimony, to reach any definite conclusion as to the amount of the consideration at any time paid by M. B. Rushing for the land in controversy.

It is also true that T. M. Rushing testified he paid $700 for about 58 acres of plaintiff's allotment, including the eight and forty-seven hundredths acres in controversy, taking the deed in his wife's name, but when all of his testimony is read and considered together, it will be found to be as consistent with a payment of $1,400, or some other sum, as that he paid $700.

It is also true that T. M. Rushing testified that the deed of May 4, 1908, was taken in pursuance of the same contract by which the first two deeds were executed.

It is urged by the plaintiff, Martha Scroggins, in her brief that T. M. Rushing, prior to the time when the allotment of the plaintiff had been selected and patented, had been the active agent in a scheme to secure a portion of the allotment of Martha Scroggins for himself in violation of the laws of Congress, which had been enacted for the protection of the plaintiff; that he had located the allotment and caused it to be selected; that he caused deeds to be executed to him prior to the removal of restrictions against alienation to about 58 acres of plaintiff's allotment.

This admitted conduct on the part of the main witness for plaintiffs cannot be regarded as of a character to inspire confidence, and in connection with the inconsistency among the witnesses, and the uncertainty of the testimony itself heretofore pointed out, would not warrant a judgment for plaintiffs. Birmingham Ry. Light & Power Co. v. Saxon (Ala.) 59 South. 584.

The burden of proof rested upon the plaintiffs to establish the invalidity of the deed of May 4, 1908, by a clear preponderance of the evidence. The testimony of the plaintiff being to the effect that she received $350 for the deed of May 4, 1908, at the time it was executed, we cannot say that the learned trial judge, who had a superior opportunity for knowing the witnesses and the degree of credit which should be given them has not decided the facts correctly, or that his judgment is against the clear weight of the evidence.

In the case of Churchill v. Roberts, 98 Okla. 296, 225 Pac. 535, it is said:

"In an equitable action the presumption is in favor of the finding of the trial court, and it will not be set aside unless clearly against the weight of the evidence."

See, also, Parks et al. v. Roach, 88 Okla. 19, 210 Pac. 402; Johnson v. Johnson et al., 85 Okla. 274, 206 Pac. 205.

The fact that the trial court may have predicated its judgment upon erroneous finding of facts to the effect that the first two deeds were intended to operate as mortgages and not as deeds absolute is immaterial where the court renders the proper judgment.

In the case of Kibby v. Binion, Sheriff, et al., 70 Okla. 96, 172 Pac. 1091, it is said:

"Where in a trial to the court the court renders a proper final judgment in the case it is entirely immaterial that such judgment is predicated by the court upon an erroneous finding of facts or a misinterpretation of the law, as the ground upon which the court proceeded is not a subject of review by an appellate court."

See, also, City of Tulsa et al. v. Thomas, et al., 89 Okla. 188, 214 Pac. 1070.

Upon a survey of the entire record, we are of the opinion that the judgment of the trial court is correct and should be and is hereby affirmed.

By the Court: It is so ordered.