**BOLLMAN, Trustee, et al. v. SNELL et al.**

No. 16558. Opinion Filed April 27, 1926.

Rehearing Denied June 7, 1927.

1. **Corporations—Bonds Issuable Only by Board of Directors—Invalid Pledge of Retired Bonds.**

A corporation can only issue bonds at the instance and under the direction of its board of directors, and the pledging of bonds by an officer of the corporation, which have been retired, to secure outstanding indebtedness of the corporation, is unauthorized.

2. **Subrogation—Purchase of Retired Bonds —Rights Protected by Equity Only if Innocent Purchaser.**

One who, having no interest to protect, voluntarily attempts to purchase bonds of a corporation after said bonds have been paid, in excess of the authority of the corporation, cannot be subrogated to the rights of the original bondholders under their deed of trust, as against a subsequent mortgagee, in the absence of proof that in the transaction by which he acquired said bonds he acted under an honest mistake of a material fact, or that he was imposed upon in some manner so as to justify the intervention of equity.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by R. E. Snell against James D. Ward, Sadie Ward, W. E. Sunday, J. O. Colburn, H. C. Bollman, trustee, Sequoyah Oil & Refining Company, N. O. Colburn, receiver of Sequoyah Oil & Refining Company, H. E. Ketcham, Independent Torpedo Company, American Glycerine Company, Black, Sivalls & Bryson, and M. A Williams, to foreclose a real estate mortgage. Judgment for plaintiff and defendants J. O. Colburn and H. C. Bollman, trustee, appeal. Affirmed.

Ellis A. Robinson, Victor C. Mieher, and Quincy J. Jones, for plaintiffs in error.

Humphrey & Campbell, for defendants in error.

Opinion by FOSTER, C. This case presents error from the superior court of Okmulgee county. The controversy arose between plaintiffs in error, H. C. Bollman,

trustee, and J. O. Colburn, defendants below, and defendant in error, R. E. Snell, Jr., plaintiff below, as to priority between a certain mortgage lien asserted by the defendant in error, Snell, and a lien asserted by plaintiffs in error under a certain mortgage and deed of trust, both covering certain oil and gas leasehold properties located in several counties.

An action was filed by the defendant in error R. E. Snell, as plaintiff, against James D. Ward, Sadie Ward, W. E. Sunday, J. O. Colburn, H. C. Bollman, trustee of the Sequoyah Oil & Refining Company, N. O. Colburn, receiver of the Sequoyah Oil & Refining Company, and various other parties, not necessary here to be mentioned, as defendants, to foreclose a mortgage held by R. E. Snell, dated and executed July 14, 1920, to secure an indebtedness of $53,237, evidenced by a note of even date.

W. E. Sunday was the holder of a certain judgment lien upon certain leasehold properties of the Sequoyah Oil & Refining Company, which all parties agree was superior to the respective liens asserted by R. E. Snell and by H. C. Bollman, trustee, and J. O. Colburn.

The plaintiff in error H. C. Bollman, trustee, filed an answer and cross-petition, in which he claimed rights superior and paramount to the claim of R. E. Snell, under and by virtue of a certain deed of trust executed by James D. Ward and the Sequoyah Oil & Refining Company on July 1, 1919, to W. M. Baker, as trustee, to secure a bond issue in the sum of $200,000, said bonds being issued in denominations of $1,000 each, covering property of the Sequoyah Oil & Refining Company and certain property owned by J. D. Ward individually, and he claimed that 18 of the bonds issued under said trust agreement were owned by J. O. Colburn.

In a second cause of action the said plaintiffs in error H. C. Bollman, trustee, and J. O. Colburn asserted a prior lien under and by virtue of a certain mortgage dated December 6, 1919, and executed by the Sequoyah Oil & Refining Company and J. D. Ward to secure two promissory notes, each in the sum of $2,500 payable to W. M. Baker, trustee, due and payable on April 6, 1920.

The mortgage of the defendant in error R. E. Snell covered only the individual property of J. D. Ward, and the matter in issue between the defendant in error Snell and the plaintiffs in error H. C. Bollman, trustee, and J. O. Colburn, was whether or not the trust deed and mortgage of H. C. Bollman, trustee, in so far as it covered the individual properties of J. B. Ward, was prior and paramount to the subsequent mortgage of R. E. Snell.

The trial court, at the request of plaintiffs in error, made findings of fact and conclusions of law, and rendered judgment that as to the individual property of J. D. Ward, the mortgage of the defendant in error R. E. Snell was prior and paramount to the lien of plaintiffs in error under the deed of trust as to all of the 18 bonds except two bonds originally held by the Producers State Bank in the sum of $2,000, and as to the two bonds mentioned, adjudged the lien of the plaintiffs in error to be prior to the lien of the defendant in error R. E. Snell, and rendered further judgment in favor of the plaintiffs in error as prayed for in their second cause of action, and that the lien asserted by it under its first cause of action be foreclosed against the Sequoyah Oil & Refining Company and J. D. Ward, subject to the lien of the defendants in error. R. E. Snell and W. E. Sunday.

From this judgment and from an order overruling their motion for a new trial the plaintiffs in error H. C. Bollman, trustee, and J. O. Colburn appeal to this court for review. The various assignments of error urged by the plaintiffs in error in their petition in error are presented and discussed under one proposition as follows:

"The court erred in adjudging the mortgage of the plaintiff to be prior and superior lien to the trust deed and mortgage o. the defendants H. C. Bollman, trustee, and J. Q. Colburn, upon the individual properties of the defendant J. D. Ward."

The record discloses that W. M. Baker, on July 23, 1921, resigned as trustee in the deed of trust of July 1, 1919, and that H. C. Bollman was appointed as his successor. Prior to his resignation the First National Bank of Tulsa had obtained possession, either as owner or for collection, of 16 of the bonds originally issued by the Sequoyah Oil & Refining Company and secured by the deed of trust of July 1, 1919. The owners of these bonds, some of whom resided in the East, were pressing for payment and threatening foreclosure proceedings against the Sequoyah Oil & Refining Company. It appears that the Sequoyah Oil & Refining Company was in financial straits. J. D. Ward, as president of that company, enlisted the financial aid of J. O. Colburn, who it seems agreed with Ward to advance the necessary funds to pay off the Eastern bondholders,

who were pressing for payment and whose bonds were held by the First National Bank of Tulsa for collection. With the payment of these bondholders in view, J. D. Ward and J. O. Colburn accumulated a fund and deposited the same in the First National Bank of Tulsa to the credit of W. M. Baker, trustee, who, on July 23, 1921, and prior to his resignation as trustee, drew his check against this fund made payable to the First National Bank of Tulsa in payment and satisfaction of said bonds.

There were two other bonds outstanding of the original issues, not held by the First National Bank, owned by the Producers Bank of West Tulsa, and before W. M. Baker resigned as trustee, he obtained from the Producers Bank its written consent for his resignation and discharge as trustee. A written agreement was then entered into by Sequoyah Oil & Refining Company and J. D. Ward, W. M. Baker, J. O. Colburn, and H. C. Bollman, by the terms of which W. M Baker resigned as trustee and H. C. Bollman substituted with the same rights, obligations, and duties as W. M. Baker.

After the payment of these bonds by W. M. Baker they were then turned over to J. O. Colburn whose claim of priority is now disputed by the defendant in error R. E. Snell, because he claims the bonds had been finally discharged by the transaction of July 23, 1921, and since the Sequoyah Oil & Refining Company had no legal authority to re-circulate these bonds after they had been paid, the lien of H. C. Bollman, trustee, and J. O. Colburn was thereby automatically discharged, and the lien of the defendant in error Snell, under his mortgage, became the first lien on the property as between him and the plaintiffs in error.

Plaintiffs in error, as we understand it, do not seriously controvert the fact that the bonds in controversy were paid by the transaction of July 23, 1921, but claim that, notwithstanding this fact, they still retain their priority under the doctrine of equitable subrogation. They contend that by virtue of an agreement between J. O. Colburn and the Sequoyah Oil & Refining Company, acting through its president, J. D. Ward, they were given or promised a lien upon the property in controversy to secure the monies advanced to said company on July 23, 1921, to pay the 16 bonds owned by Eastern holders, and that even if said bonds had been retired and canceled, and even if the trust deed held by W. M. Baker, as trustee, had been finally released, they would still be entitled, under familiar equitable principles, to retain their priority.

It is contended by plaintiffs in error in this connection, that the trial court in its findings of fact found that there had been an agreement between Sequoyah Oil & Refining Company and J. O. Colburn, whereby Colburn was to have the bonds and their security. This may be true, but so far as our examination of the court's findings disclose, it nowhere found that Colburn was promised security which the company had a right under the law to furnish. In this connection the trial court did find, under the evidence introduced by the defendant in error Snell, that there had been an absolute payment by the trustee of the bonds. What the trial court found was that there had been some sort of an agreement or understanding between Colburn and the Sequoyah Oil & Refining Company, that when the bonds had been paid, Colburn should take the bonds and the security therefor as purchaser, upon the supposition that after the bonds had been paid they could be re-circulated and become valid obligations of the company. In other words, it found that there had been an agreement that Colburn should acquire rights in the bonds as purchaser after they had been discharged and paid. If the conduct of the parties in carrying out the agreement be accepted as reflecting the agreement, it simply amounted to an agreement to take the bonds after they had been paid, as security for money advanced to the Sequoyah Oil & Refining Company. There was no attempt to release the trust deed and end the trusteeship.

In First National Bank of Haskell v. Dingledein, 103 Okla. 81, 229 Pac. 490, it is said in the syllabus:

"A corporation can only issue bonds at the instance and under the direction of its board of directors, and the pledging of bonds by an officer of a corporation, after maturity, which have been redeemed, to secure outstanding indebtedness of the corporation is unauthorized, and such bonds are not entitled to be taken into consideration or participate in foreclosure proceedings by the holders of other unredeemed bonds to the prejudice of the interest of the holders of unredeemed bonds."

Continuing, in the body of the opinion, the court said:

"It being conceded that the payment was made to the company the bonds having been once redeemed could not be issued or pledged to secure a loan."

It is established by the evidence that J.

O. Colburn was present at the time the trustee, W. M. Baker, drew his checks against the fund that had been deposited to his credit, in payment of the bonds, and that he knew that the transaction was being handled, not as a loan by him of money to the Sequoyah Oil & Refining Company in consideration of its promise to make him secure for such advancement, but as a transaction whereby he was to take the original bonds as security after they had been retired.

Finding that there had been an agreement, whereby Colburn should take the bonds after they had been retired as his security, or that he had become the purchaser of the bonds after they had been paid, is not such a finding as would support and authorize the legal application of the law of equitable subrogation, but the finding is consistent, we think, with the conclusion ultimately reached by the trial court, to the effect that the rights of plaintiffs in error, if any they had, were subject to the lien of the defendant in error Snell, so far as the 16 bonds were concerned.

We fail to see wherein the doctrine of equitable subrogation, invoked by the plaintiffs in error, has any application to the facts and circumstances as disclosed by the record in the case at bar. J. O. Colburn, in the trial of the case, and prior to the date on which the trial court adjourned the hearing of the case on the application of plaintiffs in error for further testimony, claimed to have been the purchaser of the bonds in question from the Sequoyah Oil & Refining Company, upon the theory, presumably, that the Sequoyah Company had the legal authority to circulate these bonds after they had been paid, and we fail to discover anything in the evidence at the adjourned hearing which altered this fundamental fact, except that there had been some agreement between Colburn and the Sequoyah Oil & Refinding Company prior to and at the time of the transaction of July 23, 1921, whereby Colburn should take the bonds after they had been paid and attempted to hold the same against the company as security for money advanced to it, without the consent of its board of directors.

J. O. Colburn having voluntarily attempted to become the holder and owner of bonds of the Sequoyah Oil & Refining Company after said bonds had been retired in excess of the authority of the corporation issuing the bonds, and in the absence of a mistake of fact or other circumstances of an equitable character, which otherwise might entitle him to equitable relief, we think the said Colburn appears more in the attitude of a mere volunteer, and we think the trial court acted properly in declining to apply the doctrine of equitable subrogation.

The fact that the trial court may have predicated its judgment in favor of the defendant in error Snell, upon a disinterpretation of the law, is immaterial where, from the whole record, it is apparent that the court rendered the proper final judgment. Kibby v. Binion, Sheriff, et al., 70 Okla. 96, 172 Pac. 1091; Scroggins et al. v. New State Townsite Company, 104 Okla. 290, 231 Pac. 848.

Defendant in error Snell claims that the judgment of the trial court was improper in so far as it permitted a recovery in favor of the plaintiffs in error under the second cause of action set out in their cross-petition, for the reason that W. M. Baker never resigned under the second mortgage of December 6, 1919, and therefore his successor in office, H. C. Bollman, had no right to maintain an action on the second mortgage. Since, however, defendant in error Snell has filed no cross-appeal, he cannot now be permitted to raise this question for the first time in this court.

The only question here presented is whether the plaintiffs in error lost their priority to the defendant in error Snell as to the 16 bonds issued under the deed of trust of July 1, 1919, by reason of the attempt of J. O. Colburn to purchase these bonds after they had been paid by the trustee on July 23, 1921.

As to this issue, we think the trial court correctly disposed of the controversy in allowing to the defendant in error Snell a prior lien as against plaintiffs in error. As to the two bonds held by the Producers State Bank of July 23, 1921, which were outstanding and unpaid on that date, we think the trial court correctly allowed the plaintiffs in error priority as against the defendant in error Snell. Since no one objected to the foreclosure of the lien of plaintiffs in error against the Sequoyah Oil & Refining Company and J. D. Ward, as to the 16 bonds subject only to the prior rights of the defendant in error Snell, in the individual property of J. D. Ward, its judgment in this particular will not be disturbed.

After a careful examination of the record, we think the judgment of the trial court should be and is hereby affirmed.

By the Court. It is so ordered.

Note.—See under (1) 14a C. J. p. 461 §2318; p. 633 §2595 (Anno). (2) 14a C. J. p. 645 §2619 (Anno).