PICKLE v. MARTIN.

No. 29833. April 8, 1941.

Rehearing Denied May 6, 1941.

*112 P. 2d 1081.*

H. B. Lockett, of Duncan, for plaintiff in error.

Paul D. Sullivan, of Duncan, for defendant in error.

GIBSON, J. This is an action to cancel an instrument of record and to quiet title. Judgment was for plaintiff on directed verdict, and defendant appeals.

The instrument aforesaid was in the form of a letter signed by defendant and acknowledged by him in statutory form, and addressed to himself, wherein he set up a claim to an undivided one-third interest in the land in question by virtue of an alleged oral agreement whereby he was to receive a deed to said interest in consideration for certain services to be performed for plaintiff in the nature of the compromise and settlement of certain creditors' claims outstanding against plaintiff.

In his answer the defendant pleaded the alleged oral agreement referred to in the above document, and asked the court to render its decree awarding him the one-third interest.

Plaintiff joined issue on the oral agreement, and pleaded the statute of limitations and the statute of frauds.

The action to quiet title was of purely equitable cognizance (Maynard v. Hustead, 185 Okla. 20, 90 P. 2d 30), as also was defendant's plea for specific performance (Dobler v. Smith, 147 Okla. 20, 294 P. 1089), and consequently the presence of the jury was not required as a matter of right. The directed verdict was in effect merely the decision of the court pursuant to equitable rules of procedure.

The answer shows that the alleged oral agreement was entered into on November 1, 1927, and that the services were rendered pursuant thereto between November 15, 1927, and December 15, 1927. Defendant takes the position that the agreement was executed, and seeks affirmative relief, asking the court to decree him the one-third interest in the land.

The relief sought by defendant was nothing more than a prayer for specific performance. Clearly, the three-year statute of limitations applied, and the court's judgment is fully supported on that ground alone. Section 101, subd. 2, O. S. 1931, 12 Okla. Stat. Ann. § 95.

Defendant says that the action on his part is one for recovery of land and falls within the 15-year limitation as provided by subdivision 4, sec. 99, O. S. 1931, 12 Okla. Stat. Ann. § 93, but in this he is mistaken. He seeks specific performance of an oral agreement to convey land, which is not an action to recover real property. Hurst v. Hannah, 107 Okla. 3, 229 P. 163; Thompson v. Rosehill Burial Park, 177 Okla. 422, 60 P. 2d 756. Those cases involved written contracts for the conveyance of land, and it was held that subdivision 1, sec. 101, above, applied. In this case the contract was oral, and subdivision 2 of that section applies. It limits the time to three years. The rule stated in Hurst v. Hannah, above, applies here, except the time limit is three instead of five years. It reads as follows:

"An action for specific performance of a contract to convey land with no element of trust in it is one in personam and not one 'for the recovery of real estate or any estate or interest therein,' and must be brought within five years or the action is barred by the statute of limitations."

The judgment is affirmed.

CORN, V. C. J., and RILEY, OSBORN, and DAVISON, JJ., concur.