**Robert Dean SMITH, Appellant,**

v.

**Freda FERGUSON, Appellee.**

**No. 52072.**

Court of Appeals of Oklahoma, Division No. 1.

Oct. 7, 1980.

Rehearing Denied Nov. 18, 1980.

Certiorari Denied Jan. 5, 1981.

Released for Publication by Order of Court of Appeal Jan. 8, 1981.

James A. Loomer, Oklahoma City, for appellant.

Schwoerke & Schwoerke by C. W. Schwoerke, Oklahoma City, for appellee.

REYNOLDS, Presiding Judge:

On May 26, 1977, Robert Dean Smith (Plaintiff) filed a Petition seeking specific performance of a contract for the sale of real property, executed May 18, 1977, against Freda Ferguson (Defendant). Defendant's Amended Answer admitted the execution of the contract but alleged that the contract should be adjudged null and void because: (1) Plaintiff took unfair advantage of her, and (2) Plaintiff made false representations to her that constitute fraud. This cause came on for trial. A jury was impaneled on Defendant's allegations of fraud and unfair advantage. The jury held in Plaintiff's favor. Defendant timely filed a motion for new trial or in the alternative a motion for judgment notwithstanding the verdict. The trial court sustained Defendant's motion for judgment notwithstanding the verdict. Plaintiff has perfected this appeal contending that the trial court erred and abused its discretion in vacating the verdict and substituting its judgment for that of the jury.

Specific performance is a purely equitable action. *Smith v. Owens*, Okl., 397 P.2d 673 (1963); *Adams v. McGraw*, 99 Okl. 65, 225 P. 980 (1924). A party is not enti-

tled to receive specific performance as a matter of right. Its application is addressed to the sound legal discretion of the trial court controlled by principles of equity according to the circumstances of each particular case. *Bobo v. Bigby*, Okl., 548 P.2d 224 (1976); *McCraw v. Richardson*, Okl., 459 P.2d 620 (1969). The contract may be valid at law and not subject to cancellation or rescission at equity, and yet the facts and circumstances presented in a particular case may require that the trial court deny specific performance. *Mills v. Skaggs*, 64 Cal. App.2d 656, 149 P.2d 204 (1944); *Clayburg v. Whitt*, Iowa, 171 N.W.2d 623 (1969); *Cowen v. Salmon*, 244 Ala. 285, 13 So.2d 190 (1943).

An action for specific performance of a contract to convey real property is of equitable cognizance, hence a jury is not required as a matter of right. *State ex rel. Dept. of Highways v. Martin*, Okl.App., 572 P.2d 611 (1977); *Brewer v. Baker*, Okl., 283 P.2d 203 (1955); *Pickle v. Martin*, 188 Okl. 689, 112 P.2d 1081 (1941). In cases of equitable cognizance, the trial court may call a jury or consent to a jury to advise him on questions of fact. *Gamel v. Hynds*, 69 Okl. 204, 171 P. 920 (1918). Where so tried, the jury's verdict is merely advisory. It is for the trial court to determine issues of both fact and law. *Reynolds v. Conner*, 190 Okl. 323, 123 P.2d 664 (1942).

Under the above cited authority it is clear that it was at the trial court's discretion whether or not to order specific performance of this contract. The trial court refused to order specific performance. After reviewing the record herein presented, we conclude that the trial court did not abuse its discretion.

AFFIRMED.

BOX and ROMANG, JJ., concur.